Filed 7/15/21  Marriage of Wong and Lee CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re the Marriage of LISA WONG and BOSCHAL LEE. | B293892 |
| LISA WONG, Respondent, v. BOSCHAL LEE et al., Appellants. | (Los Angeles County Super. Ct. No. GD055619) ORDER MODIFYING OPINION AND DENYING PETITIONS FOR REHEARING [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed June 29, 2021 is modified as follows:

1.   The second paragraph of footnote 12 on page 13 of the opinion is modified as follows:

Boschal does not claim that the aforesaid documents are not proper subjects of judicial notice, but argues that we should not consider them in the absence of certain escrow documents relating to the Grand Avenue property. In their supplemental briefing, Boschal and Kracksmith request judicial notice of these escrow documents. Boschal also seeks judicial notice in his supplemental briefing of certain documents filed in another appeal, along with Lisa's opposition to Boschal's bankruptcy petition. We reject as procedurally improper both Boschal's and Kracksmith's requests for judicial notice because they did not file a motion complying with California Rules of Court, rule 8.252(a). (See Cal. Rules of Court, rule 8.252(a) [providing that, "[t]o obtain judicial notice by a reviewing court under Evidence Code section 459, a party must serve and file a separate motion with a proposed order[,]" and prescribing the requirements for that type of motion].)

2.  The text immediately preceding footnote number 20 on page 27 is modified as follows:

    If we were to affirm these aspects of the judgment, then, although it is arguable that Mitchell & Co. is not bound by the judgment, . . . .

There is no change in judgment.

2

Appellant Kracksmith, Inc.'s and appellant Boschal Lee's petitions for rehearing are denied.

NOT TO BE PUBLISHED.

_____
ROTHSCHILD, P. J.          CHANEY, J.          BENDIX, J.

Filed 6/29/21  Marriage of Wong and Lee CA2/1 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of LISA WONG and BOSCHAL LEE. | B293892 |
| LISA WONG,<br><br>        Respondent,<br><br>        v.<br><br>BOSCHAL LEE et al.,<br><br>        Appellants. | (Los Angeles County Super. Ct. No. GD055619) |

APPEALS from orders and a judgment of the Superior Court of Los Angeles County, Christine Byrd, Judge.  Affirmed in part and dismissed in part.

Boschal Lee, in pro per, for Appellant Boschal Lee.

Nada Dhahbi for Appellant Kracksmith, Inc.

Glen Broemer for Appellant Daphne Lee.

No appearance for Respondent.

————————————

In September 2014, respondent Lisa Wong filed for divorce from appellant Boschal Lee.[1] In the intervening years, the family law proceedings have been contentious. In those proceedings, the family court declared Boschal to be a vexatious litigant, and in a prior appeal, we rejected Boschal's attempts to reverse that vexatious litigant declaration and many of the family court's other rulings.

While Boschal's prior appeal was pending, the case proceeded to a court trial on property division and several other issues. Lisa had joined Boschal's sister, appellant Daphne Lee, to the proceedings, along with Allan Lee, Boschal's brother, and appellant Kracksmith, Inc. (Kracksmith), a corporation for which Boschal has served as an officer. After the trial, the family court issued a judgment that, among other things, declared the parties' rights to the former family home, invalidated a loan and a deed of trust on a rental property, and ordered that the rental property be sold. The family court awarded Lisa a portion of the proceeds of the sale of the rental property as equalization payments for her interests in the former family residence, the rental property, and certain other assets, and to cover her attorney fees and costs.

In the course of rendering its judgment, the family court found that: Mitchell and Company, Inc. (Mitchell & Co.) was the owner of the rental property; Mitchell & Co. was a Nevada S-corporation wholly owned by Lisa and Boschal; Mitchell & Co. was the purported borrower on the loan and the accompanying deed of trust the family court had invalidated; and Kracksmith was the alleged lender for that transaction. Notwithstanding

---

[1] For the sake of clarity, and meaning no disrespect, we refer to all natural persons by their respective first names.

Mitchell & Co.'s ownership interest in the rental property and its status as an alleged borrower, Lisa did not join Mitchell & Co. as a party, and the family court entered the judgment in Mitchell & Co.'s absence.

Kracksmith, Daphne, and Boschal appeal the judgment, Daphne and Boschal appeal the family court's orders denying their motions to vacate the judgment, and Boschal appeals the denial of a special motion to strike he filed pursuant to the Strategic Lawsuit Against Public Participation (anti-SLAPP) statute (Code Civ. Proc., § 425.16). Lisa has not appeared in the instant appeal.

The parties raise many issues. We affirm the judgment for the following reasons, which we detail in our Discussion: (1) Boschal's prior appeal did not deprive the family court of jurisdiction to try the case; (2) Daphne forfeited many of her appellate claims by failing to raise them below; (3) regardless of whether Mitchell & Co. should have been joined to the family court proceedings, its nonjoinder does not warrant reversal of the judgment; (4) Daphne fails to show that the family court erred in denying her request for costs; (5) Kracksmith and Boschal fail to establish that the family court erred in awarding Lisa attorney fees and costs; and (6) the remaining claims of error fail because appellants did not raise them properly. We also dismiss as abandoned Daphne's and Boschal's appeals of the orders denying their motions to vacate the judgment, and we dismiss as untimely Boschal's appeal of the denial of his anti-SLAPP motion.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

 We summarize only the facts relevant to this appeal.

1. ***Foundational Facts and Pertinent Pretrial Proceedings***

Lisa and Boschal were married on January 13, 1996, and they separated at some point between May 29, 2014 and June 1, 2014. Lisa and Boschal have two children, a son who was approximately 16 years old on the date of separation, and another son who was approximately 12 years old at that time. On September 26, 2014, Lisa filed for divorce.

The family court described "[t]he history of the litigation [as] enormous," and remarked that Boschal had filed "17 motions or Requests for Orders in the first year alone." On June 22, 2015, Lisa sought an order declaring Boschal to be a vexatious litigant, and Boschal responded with an anti-SLAPP motion to strike Lisa's request. (See *In re Marriage of Lisa Wong et al.* (Apr. 5, 2019, B279040, B282862, B287578) [nonpub. opn.] (*Wong I*).)[3]

On August 25, 2015, Lisa joined three claimants to the action: (1) Allan; (2) Daphne; and (3) Kracksmith, which was "sued on its own behalf as well as by its DBA American Business Fund." Lisa's operative complaint for joinder sought to quiet title and to cancel debt instruments recorded on a residence located on

---

[2] Much of this part is based on the family court's statement of decision. (See *Baxter v. State Teachers' Retirement System* (2017) 18 Cal.App.5th 340, 349, fn. 2 [utilizing the summary of facts provided in the trial court's ruling].)

[3] We, sua sponte, take judicial notice of our prior opinion in this matter. (Evid. Code §§ 452, subd. (d), 459.)

Arriba Drive in Monterey Park (Arriba Drive property) and on a duplex located on Grand Avenue in Alhambra (Grand Avenue property).

On August 18, 2016, the family court denied Boschal's anti-SLAPP motion; Boschal's request to disqualify the family court judge who was presiding over the matter at that time; and his request to vacate a restraining order entered against him; and declared Boschal to be a vexatious litigant, thereby restricting his ability to submit filings on a self-represented basis. (See *Wong I*, *supra*, B279040, B282862, B287578.) On September 6, 2016, the family court denied a motion for reconsideration Boschal had filed concerning his request for pendente lite support and attorney fees under Family Code section 2030. (See *Wong I*, *supra*, B279040, B282862, B287578.) On October 17, 2016, Boschal filed a notice of appeal that sought review of, inter alia, the August 18, 2016 and September 6, 2016 rulings. (See *ibid.*)

On December 21, 2017, the family court renewed a restraining order that had previously been issued against Boschal; the renewed restraining order has a 101-year term. (See *Wong I*, *supra*, B279040, B282862, B287578.) Boschal appealed this ruling on January 17, 2018. (See *ibid.*)

### 2. *The Trial and the Statement of Decision*

The family court held a court trial on March 26, 27, 28, and 29, 2018 and on April 2, 2018. At the conclusion of presentation of evidence, the court granted a judgment of dissolution of marriage as well as judgment on the custody and visitation of Lisa's and Boschal's then-minor child, to which they had previously stipulated. The parties also had agreed to submit written closing and rebuttal arguments, respectively, after the presentation of evidence.

5

The parties agreed that the issues to be decided by the family court based on the evidence presented at the trial held in late March and early April 2018 were the following:

"(1) Characterization, valuation, and division of the following property:

"a. Former family residence on Arriba Drive, Monterey Park, CA [(Arriba Drive property)];

"b. Rental property on Grand Avenue, Los Angeles, CA [(Grand Avenue property)];

"c. Mitchell and Company;

"d. Pensions and other retirement accounts; and

"e. Three (3) automobiles.

"(2) Reimbursement for payment of community debts;

"(3) *Watts*[4] charges for [Boschal's] occupation of the family residence;

"(4) [Lisa's] claims of breach of fiduciary duties, including" breaches of the restraining orders;

"(5) Child support;

"(6) [Boschal's] request for spousal support;

"(7) [Lisa's] request for attorney's fees and sanctions against [Boschal]; and

"(8) As against Claimants, [Lisa's] request to quiet title on the Arriba Drive and Grand Avenue properties, and [Daphne's] request for costs."

On June 19, 2018, the family court issued a tentative decision on these issues, which, with certain modifications, became the court's statement of decision on September 19, 2018.

---

[4] *In re Marriage of Watts* (1985) 171 Cal.App.3d 366.

(See also Cal. Rules of Court, rule 3.1590(c) [prescribing the procedure by which a tentative decision becomes the court's statement of decision].)

With regard to the Arriba Drive property, the family court found that "[t]he crux of the dispute [between Lisa and Daphne] is whether the community owns 100% of the property, with Daphne being only a proxy for her brother, or only 50%, with Daphne, as joint tenant, having an undivided half interest in the property with the community." Upon the purchase of the Arriba Drive property in 2001, title had been "taken in the name of 'Daphne Lee, a single woman, and Lisa Lee, a single woman, as joint tenants.' "[5] The court found that although the title incorrectly identified Lisa as a single woman, Lisa had failed to overcome the presumption of title set forth in Evidence Code section 662, and Daphne was thus in a joint tenancy with Lisa's and Boschal's community interest in the property.

After Lisa and Boschal separated, Daphne allowed a deed of trust to be recorded on the Arriba Drive property for $550,000, which was borrowed from Allan and American Business Fund (respondent Kracksmith's DBA). The family court found that Lisa was unaware of the loan and did not authorize it or the

---

[5] The title to the Arriba Drive property was later corrected to indicate that it was held by " 'Daphne Lee, as single woman and Lisa Wong (who erroneously held title as Lisa Lee), a single woman, as joint tenants.' " The family court observed Lisa had contended that Daphne's name was put on the title "as a proxy for [Boschal], who had a bankruptcy and wanted to avoid his creditors." The parties disputed whether Daphne loaned part of the down-payment, paid all of it, or paid only some of it. The family court found that Daphne had contributed $70,000 for the down-payment on the Arriba Drive property.

7

recordation of the related deed of trust, and that Boschal "actively assisted" Daphne in obtaining the loan. As a result, the court concluded that Lisa "has no payment obligation on this $550,000 loan and the community's 50% interest is not to be reduced or offset by this post-separation deed of trust." The court ruled that Boschal was entitled to an award of the community portion of the Arriba Drive property, and that Lisa was entitled to an equalization payment for one-half of the value of the community's equity interest in the property.[6] The court further ruled that Boschal and Daphne had to provide Lisa with an executed and recorded document holding her harmless with respect to the property and any encumbrances thereon.

Regarding Mitchell & Co., the family court found it was an S-corporation that was formed in 2002 in Nevada; it "was wholly owned by [Lisa and Boschal;] and [it] [was] community property." The court stated that Mitchell & Co. had purchased the Grand Avenue property in February 2014 for $535,000, "[t]itle was taken in the name of 'Mitchell and Company, Inc., a Nevada Corporation[,]'" and Lisa presented evidence showing that the property was purchased with community savings and funds obtained via a "'cash out'" refinance of a loan secured by the Arriba Drive property.[7]

---

[6] We need not (and do not) assess whether the family court calculated properly the equalization payments prescribed by the judgment. As set forth in our Discussion, the family court's calculations are presumed to be correct and appellants have not raised properly any challenge to the equalization payments.

[7] The statement of decision indicates it was undisputed that Daphne did not receive any proceeds from the refinancing of the Arriba Drive property: "[Lisa and Boschal] testified that the excess funds [from the refinancing transaction] were used to

The court declared invalid a $1.5 million loan for which Mitchell & Co. was the borrower and Kracksmith was the lender, along with a deed of trust on the Grand Avenue property that secured the loan. The court reasoned: (1) The evidence did not show that Lisa consented to the transaction; (2) Boschal falsified the date of a signature he made on behalf of Mitchell & Co. on the deed of trust; (3) Mitchell & Co. and Kracksmith were "not actually separate companies" because Boschal was the co-owner of Mitchell & Co. and the finance director of Kracksmith, and "Kracksmith, Inc. [was] also the DBA of Mitchell and Co."; (4) the loan amount is approximately three times the purchase price of the property; (5) there was no evidence that Kracksmith had $1.5 million to lend;[8] and (6) the bank records do not show that any funds ever flowed to Mitchell & Co. for the loan. The court further found that Mitchell & Co.'s assets consisted of the Grand Avenue property; three bank accounts; and certain proprietary software that had no monetary value.

Additionally, the court found that: Boschal was liable to Lisa for a portion of the reasonable rental value of the Arriba Drive property because he occupied it rent-free for 47 months; Lisa was entitled to one-half of the rental income Boschal had collected for the Grand Avenue property; Boschal and

purchase the Grand Avenue property . . . . Daphne testified that she was fully aware that [Lisa and Boschal] were taking funds out of the property that they were not sharing with her. Daphne testified that she accepted this because they were making the mortgage payments and paying all the other expenses."

[8] The family court found Kracksmith's bank records showed that it was "in debt" when it made the loan, and that Kracksmith filed for bankruptcy two years later.

9

Kracksmith were liable to Lisa for her attorney fees and costs for their misconduct; Lisa was entitled to half of the net value of the community's bank accounts; and Boschal was not entitled to spousal support from Lisa. The court also ordered that Lisa's and Boschal's respective pension and retirement accounts be divided via a qualified domestic relations order, the cost of which was to be divided equally between the parties. The court ordered Lisa to pay child support to Boschal of $184 per month effective July 1, 2018, and confirmed that each person would retain the automobile that was in his or her possession.

### 3.    *The September 19, 2018 Judgment*

On September 19, 2018, the family court issued a judgment that included the rulings set forth in its statement of decision.

Of note to the instant case, the provision of the judgment titled "equalization" states as follows:

"The Grand Ave. Property shall be sold and from the proceeds [Lisa] shall receive:

"(1)    $425,000 or half of the net proceeds, whichever is more;

"(2)    $38,337 for her half of the bank accounts [belonging to Mitchell & Co.], less the line of credit debt;

"(3)    $115,662.80 for her equalization payment from the Arriba Dr. Property;

"(4)    $39,950 as her half of the reimbursement to the community for the reasonable rental value of the Arriba Dr. Property;

"(5)    $96,580 as her half of the rental income from the Grand Ave. Property;

"(6)    $57,419 as the equalizing amount for division of the bank accounts and debts;

10

"(7)   $104,681 for her attorney's fees and costs; and

"(8)   Any fees or costs incurred in enforcing the order for execution of quitclaim deeds by Claimants and/or in recording the quitclaim deeds."

In addition to the other rulings discussed in our Factual and Procedural Background, part 2, *ante*, the family court's judgment included its prior vexatious litigant ruling and its previously-issued restraining order against Boschal.

**4.    *Pertinent Posttrial Proceedings, the Parties' Notices of Appeal, Our Prior Opinion, the Disposition of the Grand Avenue Property, and Mitchell & Co.'s Dissolution***

On October 12, 2018, Daphne and Boschal moved to vacate the judgment pursuant to Code of Civil Procedure section 663. On November 8, 2018, the family court denied both motions.[9]

On November 14, 2018, Daphne, Kracksmith, and Boschal appealed the judgment, and Daphne and Boschal appealed the orders denying their motions to vacate.[10]  Boschal's notice of

---

[9] We, sua sponte, take judicial notice of the November 8, 2018 minute orders denying these motions. (Evid. Code, §§ 452, subd. (d), 459.)

[10] Kracksmith's notice of appeal indicates it seeks review of an unspecified order issued after the judgment, and its opening brief complains that the family court refused to hear a motion to vacate that Kracksmith claims it filed.  Although the record contains a one-page notice of Kracksmith's intention to move to vacate the then-forthcoming judgment, the case summary included in the record does not show that Kracksmith filed a motion to vacate the judgment after it was issued and its opening

11

appeal also apparently seeks review of the family court's prior denial of his anti-SLAPP motion.

On April 5, 2019, we issued an opinion in *Wong I* that, inter alia, dismissed Boschal's appeal of the denial of his motion to disqualify a judicial officer, and affirmed:  the denial of Boschal's anti-SLAPP motion, the orders denying his challenges to the restraining order, the ruling declaring him to be a vexatious litigant, and the denial of his motion for reconsideration concerning his request for pendente lite support and attorney fees.  (See *Wong I*, *supra*, B279040, B282862, B287578.)  On May 1, 2019, we made minor modifications to the opinion, and the remittitur was issued on June 5, 2019.

On April 26, 2019, Lisa recorded a grant deed dated February 25, 2019, wherein the family court clerk, on behalf of Mitchell & Co., conveyed the Grand Avenue property to Lisa and Boschal as tenants in common.  On May 20, 2019, Sharon Asadoor (Asadoor) recorded a grant deed dated May 8, 2019, wherein Lisa, on behalf of herself and Boschal, conveyed the Grand Avenue property to Asadoor.  Attached to the May 8, 2019 grant deed is a February 4, 2019 order from the family court that, inter alia, authorized (a) the court clerk to execute the February 25, 2019 grant deed on behalf of Mitchell & Co. and (b) Lisa to execute the May 8, 2019 grant deed on behalf of herself and Boschal.[11]  The Nevada Secretary of

---

brief cites *Boschal's* motion when complaining that the judgment should have been vacated.  Thus, with the exception of the denials of Daphne's and Boschal's motions, we have no occasion to review any rulings issued after entry of the judgment.

[11]  Although the Grand Avenue property is a duplex that has two separate, nonconsecutive numbered residential

12

State's website indicates that Mitchell & Co. was dissolved on February 4, 2020.[12]

addresses, the February 4, 2019 order refers to just one of the two numbered addresses assigned to the duplex.  Nevertheless, we need not address this issue further because even after we brought the order to appellants' attention, they did not attribute any significance to this potential ambiguity.

[12] We, sua sponte, take judicial notice of the grant deeds, the court order, and the records of the Nevada Secretary of State's website discussed in the textual paragraph accompanying this footnote.  (See Evid. Code, §§ 452, subds. (c)–(d), 459; *Schep v. Capital One, N.A.* (2017) 12 Cal.App.5th 1331, 1337 [taking judicial notice of recorded instruments]; cf. *Jones v. Goodman* (2020) 57 Cal.App.5th 521, 528, fn. 6 [noting that an appellate court may, on its own motion, "take judicial notice of articles of incorporation" filed with the California Secretary of State that are available on the secretary's website].)

Boschal does not claim that the aforesaid documents are not proper subjects of judicial notice, but argues that we should not consider them in the absence of certain escrow documents relating to the Grand Avenue property.  He and Kracksmith request judicial notice of these escrow documents.  Boschal also seeks judicial notice of certain documents filed in another appeal, along with Lisa's opposition to Boschal's bankruptcy petition.  Boschal and Kracksmith do not claim that these additional documents are already in the appellate record, nor do they submit these documents for our review or explain why doing so would be impracticable.  Accordingly, we deny Boschal's and Kracksmith's requests for judicial notice.  (See Cal. Rules of Court, rule 8.252(a)(3) ["If the matter to be noticed is not in the record, the party must attach to the motion [for judicial notice] a copy of the matter to be noticed or an explanation of why it is not practicable to do so."].)

## STANDARD OF REVIEW

As previously noted, Lisa did not file a brief. Appellants still bear the "burden [of] show[ing] that the trial court committed reversible error. ' "A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." ' [Citation.]" (See *Yu v. University of La Verne* (2011) 196 Cal.App.4th 779, 787 (*Yu*); see also Cal. Rules of Court, rule 8.220(a)(2) [providing that if no respondent's brief is filed, "the court may decide the appeal on the record, the opening brief, and any oral argument by the appellant"].) Furthermore, "[t]he rules of appellate procedure," which obligate an appellant, among other things, to overcome the presumption of correctness, "apply to [Boschal] even though he is representing himself on appeal." (See *Scholes v. Lambirth Trucking Co.* (2017) 10 Cal.App.5th 590, 595 (*Scholes*).)

## DISCUSSION

### A. Boschal's Prior Appeal Did Not Deprive the Family Court of Jurisdiction to Try This Case

Code of Civil Procedure section 916, subdivision (a) provides in pertinent part: "[T]he perfecting of an appeal[13] stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected

---

[13] For the purposes of this statute, a party must file a notice of appeal in order to perfect the appeal. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 17, p. 78.)

14

thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." (Code Civ. Proc., § 916, subd. (a).) "The purpose of the automatic stay provision of section 916, subdivision (a) 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The [automatic stay] prevents the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.' [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 (*Varian Medical Systems, Inc.*).) "Under section 916, 'the trial court is divested of' subject matter jurisdiction over any matter embraced in or affected by the appeal during the pendency of that appeal." (*Varian Medical Systems, Inc.*, at pp. 196–197.)

Boschal argues that upon perfecting his prior appeals in October 2016 and January 2018, Code of Civil Procedure section 916, subdivision (a) deprived the family court of jurisdiction to try the issues resolved by the judgment before us. (See *Wong I*, *supra*, B279040, B282862, B287578 [providing the filing dates of Boschal's prior appeals].) In particular, Boschal claims that the trial covered matters embraced in, or affected by, his appeals of the following orders: (1) the denial of his anti-SLAPP motion; (2) the denial of his request for pendente lite support and attorney fees under Family Code section 2030; (3) the ruling deeming him a vexatious litigant; and (4) the denial of his motion to disqualify a judicial officer. For the reasons discussed below, Boschal's jurisdictional challenge is without merit.

15

As a preliminary matter, we note that our prior opinion dismissed Boschal's appeal of the denial of his motion to disqualify a family court judge because that ruling "is reviewable exclusively by writ." (See *Wong I*, *supra*, B279040, B282862, B287578.) Given that Boschal's appeal of this ruling was invalid, that appeal did not trigger a stay of the proceedings under Code of Civil Procedure section 916, subdivision (a). (See *Hearn Pacific Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.App.4th 117, 146 ["The automatic stay, when it applies, arises upon a 'duly perfected' appeal. [Citations.] Since [the] appeal was invalid, it did not affect the trial court's jurisdiction to proceed."].)

Next, Boschal apparently contends that the high court's decision in *Varian Medical Systems, Inc.* establishes that the appeal of his anti-SLAPP motion barred the family court from proceeding to trial. *Varian Medical Systems, Inc.* held that "the perfecting of an appeal from the denial of a special motion to strike automatically stays all further trial court proceedings on the merits *upon the causes of action affected by the motion.*" (*Varian Medical Systems, Inc.*, *supra*, 35 Cal.4th at p. 186, italics added.) Our Supreme Court clarified that "[s]uch an appeal does not, however, stay proceedings relating to causes of action not affected by the motion." (*Id.* at p. 195, fn. 8.)

As we explained in *Wong I*, Boschal's anti-SLAPP motion sought an order striking Lisa's motion to declare him a vexatious litigant.[14] (See *Wong I*, *supra*, B279040, B282862, B287578.)

_____

[14] Boschal concedes in his opening brief that his anti-SLAPP motion requested an order striking Lisa's motion to declare him a vexatious litigant. (See *Artal v. Allen* (2003) 111 Cal.App.4th 273, 275, fn. 2 [" '[B]riefs and argument . . . are reliable indications of a party's position on the facts as well as the

16

The statement of decision indicates that whether Boschal was a vexatious litigant was not a matter to be decided at trial; rather, the court decided whether to deem other parties to the action, including Kracksmith, to be vexatious litigants. Therefore, even assuming arguendo that Lisa's request to declare Boschal a vexatious litigant constituted a cause of action, Boschal's appeal of his anti-SLAPP motion to strike that request did not deprive the family court of jurisdiction over the trial.

Boschal's appeals of the family court's other rulings did not effect a stay of the trial either. " '[W]hether a matter is "embraced" in or "affected" by a judgment [or order] within the meaning of [Code of Civil Procedure section 916] depends on whether postjudgment [or postorder] proceedings on the matter would have any effect on the "effectiveness" of the appeal.' [Citation]. 'If so, the proceedings are stayed; if not, the proceedings are permitted.' [Citation.]" (*Varian Medical Systems, Inc.*, *supra*, 35 Cal.4th at p. 189.) The family court's resolution of the property, reimbursement, support, sanctions, and breach of fiduciary duty issues at trial had no impact on whether we could vacate, reverse, or modify the vexatious litigant ruling or the order denying Boschal's motion for reconsideration on his request for pendente lite support and attorney fees under Family Code section 2030.

Indeed, Boschal's briefing does not dispute that point, but instead argues that these two prior family court rulings declaring him a vexatious litigant and denying his motion for reconsideration concerning his request for pendente lite support

law, and a reviewing court may make use of statements therein as admissions against the party. [Citations.]' [Citations.]"].)

17

and attorney fees hindered his ability to obtain a favorable outcome during the family court proceedings. Specifically, Boschal argues: "The affected issue here is [Boschal's] ability to advance or defend his case throughout the proceedings with limited resources for legal representation that setup [*sic*] an unlevel playing field of orders adverse to [Boschal] going into the trial." Boschal confuses Code of Civil Procedure section 916, subdivision (a)'s standard with whether the family court rulings subject to the prior appeal put him at a disadvantage at trial. Because the trial had no " 'effect on the "effectiveness" of the [prior] appeal' " (see *Varian Medical Systems, Inc.*, *supra*, 35 Cal.4th at p. 189), we conclude that Boschal's prior appeal did not automatically stay the trial.

## B. Daphne Forfeited Many of Her Claims for Appellate Relief

On April 7, 2021, we asked for supplemental briefing on, among other things, whether the following appellate claims asserted in Daphne's opening brief should be deemed to be "waived, forfeited, and/or subject to the invited error doctrine": (1) Lisa and Boschal " 'abandoned the Arriba [Drive] property by refusing to make mortgage payments, as per their agreement' "; (2) Daphne should not have been joined to the proceedings; (3) Daphne "was entitled to a share of the income generated from, and/or an ownership interest in, the Grand Avenue property"; (4) Daphne "was a tenant in common vis-à-vis the Arriba [Drive] property"; and (5) "any joint tenancy vis-à-vis the Arriba [Drive] property should have been severed." For the reasons discussed below, we conclude Daphne has forfeited each of these claims.

As a preliminary matter, we observe that Daphne's supplemental briefing does not address her claim that she should

18

not have been joined to the family court proceedings. She thus has forfeited her claim of improper joinder. (See *In re Marriage of Brewster & Clevenger* (2020) 45 Cal.App.5th 481, 512 ["A party implicitly waives or forfeits claims of error if he or she fails to bring the error to the trial court's attention in an appropriate manner. [Citations.]"].)

Although Daphne does not allege she raised in the family court the other four claims of error identified in our correspondence, she insists that she did not forfeit them. We disagree.

With regard to her appellate claim that Lisa and Boschal "abandoned the Arriba [Drive] property by refusing to make mortgage payments, as per their agreement," Daphne contends that this claim is not subject to forfeiture because it amounts to a challenge to the sufficiency of the evidence supporting the judgment. (See also *Mundy v. Lenc* (2012) 203 Cal.App.4th 1401, 1406 ["[A] party need not object that a judgment is unsupported by the evidence."].)

Daphne seems to argue: (1) There was uncontroverted evidence showing that Lisa stopped paying a debt secured by a deed of trust on the Arriba Drive property on the date of separation knowing that Boschal did not have sufficient income to pay it and that only Daphne would suffer any loss from a foreclosure thereon; and (2) these "uncontroverted facts require a finding either of abandonment or that the [Lees] had no interest left in the property to abandon," and, as a consequence, a finding that "the Lees retained an interest in [the Arriba Drive property] falls under the 'unsupported by the evidence' exception" to forfeiture.

19

Daphne's attempt to recast her abandonment theory as merely a challenge to the sufficiency of the evidence supporting the judgment is unavailing. The family court concluded that Lisa and Boschal held an interest in the Arriba Drive property because Daphne and Lisa took title to the property as joint tenants, and Lisa and Boschal agreed that the community had an interest in the property by virtue of Lisa being named as a grantee on the deed. Thus, it is apparent that the family court's finding that Lisa and Boschal retained an interest in the Arriba Drive property rested upon the statutory presumption of title, under which "[t]he owner of the legal title to property is presumed to be the owner of the full beneficial title"; "[the] presumption may be rebutted only by clear and convincing proof." (See Evid. Code, § 662.)

Daphne does not claim that her abandonment theory rendered this presumption inapplicable. Further, even though Daphne bore the burden of proving her abandonment theory (see 1 C.J.S. (2005) Abandonment, § 12, p. 15), Daphne concedes that she did not advance this argument at trial. For these reasons, Daphne's newfound invocation of her abandonment theory cannot be characterized as a sufficiency-of-the-evidence challenge to the family court's ruling that Lisa and Boschal retained an interest in the Arriba Drive property. Rather, it is a new legal theory that we have the discretion to decline to address. (See *Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767 ["[W]e are not required to consider [a] new theory, even if it raised a pure question of law."].)

We also reject Daphne's conclusory argument that because "abandonment is not an arcane issue of law," applying the forfeiture doctrine to this appellate claim would somehow deprive

20

her of due process of law and undermine "public confidence in the integrity and impartiality of the judiciary [citation]." (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*) ["We may and do 'disregard conclusory arguments that . . . fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' [Citation.]"].) Accordingly, Daphne has forfeited her abandonment theory.

Although it is difficult to discern the basis of Daphne's contention that she did not forfeit her claim of entitlement to income generated from, and/or an ownership interest in, the Grand Avenue property, she appears to argue that this appellate claim falls within the " 'unsupported by the evidence' exception" to forfeiture. In particular, she claims that the "uncontroverted facts" demonstrate that "the Lees [did not] retain[ ] an interest in" the Arriba Drive property. Daphne's attempt to salvage this claim of error is a essentially a repeat of her argument that the abandonment theory is just a sufficiency-of-the-evidence challenge. As we have explained, this appellate claim is similarly unavailing.

Daphne further argues that she did not forfeit her appellate claims that she was a tenant in common vis-à-vis the Arriba Drive property, and that any joint tenancy with regard to that property should have been severed. In particular, Daphne points out the family court stated, "The pivotal issue [was] whether Daphne [was] or [was] not a joint tenant," and she claims that "[a] finding that the Arriba [Drive] property was not held in joint tenancy dictates in this case that the property was held as a tenancy in common." Daphne thus seems to maintain that these two claims of error are simply sufficiency-of-the-evidence challenges to the family court's conclusion that Daphne

21

is a joint tenant with regard to the Arriba Drive property. (See generally 16 Cal.Jur.3d (2020) Cotenancy & Joint Ownership, § 22, pp. 272–273 ["Severance of a joint tenancy extinguishes the principal feature of that estate, the right of survivorship . . . . Upon the severance of a joint tenancy, ownership is typically converted into a tenancy in common," fns. omitted].)

Daphne ignores the fact the court framed the issue below as "whether the community own[ed] 100% of the property, with Daphne being only a proxy for her brother, or only 50%, with Daphne, as joint tenant, having an undivided half interest in the property with the community." Even were we to conclude that the family court's ruling that Daphne was a joint tenant lacked evidentiary support, the family court had no occasion to address Daphne's new arguments that she was a tenant in common or that the family court should have severed any such joint tenancy. Instead, the family court considered whether she had no interest at all in the property because she was simply a proxy for Boschal. Accordingly, Daphne does not raise mere evidentiary challenges to the judgment, but new legal theories that should have been asserted below. Daphne once again argues that because her claims of error concerning joint tenancy and severance do not present arcane issues of law, we should consider them in order to protect her due process rights and preserve confidence in the judiciary. We have already rejected these conclusory arguments.

To recap, Daphne forfeited the following arguments: (1) Lisa and Boschal " 'abandoned the Arriba [Drive] property by refusing to make mortgage payments, as per their agreement' "; (2) Daphne should not have been joined the proceedings; (3) Daphne "was entitled to a share of the income generated from, and/or an ownership interest in, the Grand Avenue property";

22

(4) Daphne "was a tenant in common vis-à-vis the Arriba [Drive] property"; and (5) "any joint tenancy vis-à-vis the Arriba [Drive] property should have been severed."

## C. Mitchell & Co.'s Absence from the Family Court Proceedings Does Not Compel Reversal of the Judgment

The record indicates that Lisa did not join Mitchell & Co. as a party. Kracksmith and Boschal argue that we should reverse the judgment because Code of Civil Procedure section 389 required Mitchell & Co.'s joinder to the family law proceedings. In related arguments, Kracksmith asserts that because Lisa was not the borrower on the loan from Kracksmith to Mitchell & Co. or the titleholder of the Grand Avenue property: (1) Lisa lacked standing to contest the validity of that loan and accompanying deed of trust on the Grand Avenue property; and (2) Lisa failed to state quiet title and cancellation of written instrument claims against Kracksmith arising out of the loan and deed of trust. We reject these arguments.[15]

Code of Civil Procedure section 389, subdivision (a) provides: "A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the

---

[15] Kracksmith also argues that Lisa failed to plead adequately her quiet title and cancellation of written instrument causes of action because she did not "allege tender or offer of tender of the amounts borrowed . . . ." We reject this argument because Kracksmith does not explain why, in light of the family court's ruling there was no evidence Kracksmith had lent any funds to Mitchell & Co., Lisa was nonetheless required to aver tender or offer of tender.

action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.  If he has not been so joined, the court shall order that he be made a party."  As a general rule, "[a]ll provisions of law relating to joinder of parties in civil actions generally apply to the joinder of a person as a party to a family law case . . . ."  (See Cal. Rules of Court, rule 5.24(a)(1).)

We need not decide whether Code of Civil Procedure section 389, subdivision (a) required Mitchell & Co.'s joinder prior to trial because events occurring after trial have mooted Kracksmith's and Boschal's claims of error arising out of Mitchell & Co.'s nonjoinder.

First, Mitchell & Co. is no longer the owner of the Grand Avenue property because the family court clerk (on behalf of Mitchell & Co.) conveyed the property to Lisa and Boschal, and the property was thereafter conveyed to a third party, Asadoor. Reversing the family court's judgment and requiring Mitchell & Co.'s joinder now would be a futile act because we can no longer afford any effective relief to Mitchell & Co. vis-à-vis the Grand Avenue property.[16]  The transfer of the Grand Avenue property

---

[16] We observe that, although Mitchell & Co. has been dissolved, it may still prosecute and defend claims arising before its dissolution.  (See *Canarelli v. Eighth Judicial Dist. Court of Nev.* (2011) 127 Nev. 808, 814 ["In Nevada, NRS 78.585 allows the corporation to exist post-dissolution for 'prosecuting and

24

to a new owner[17] moots Kracksmith's and Boschal's claim that Mitchell & Co. is an indispensable party or otherwise had to be joined in this matter regarding disposition of the Grand Avenue property.  (See *Golden Gate Land Holdings LLC v. East Bay Regional Park Dist.* (2013) 215 Cal.App.4th 353, 366 (*Golden Gate Land Holdings LLC*) [" '[A] case becomes moot when a court ruling can have no practical effect or cannot provide the parties with effective relief.' "].)

In their supplemental briefing, Kracksmith and Boschal suggest that the grant deeds transferring the Grand Avenue property from Mitchell & Co. to Lisa and Boschal, and from Lisa and Boschal to Asadoor are invalid because Boschal posted an undertaking with the family court pursuant to Code of Civil Procedure section 917.4.[18]  As far as we can discern, they seem to

---

defending suits, actions, proceedings and claims of any kind or character [arising before its dissolution] by or against it and of enabling it gradually to settle and close its business, to collect and discharge its obligations, to dispose of and convey its property, and to distribute its assets.' "].)

[17]  Neither Kracksmith nor Boschal argues that Asadoor must be joined pursuant to Code of Civil Procedure section 389, subdivision (a), or any other joinder authority.

[18]  Code of Civil Procedure section 917.4 provides:  "The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order appealed from directs the sale, conveyance or delivery of possession of real property which is in the possession or control of the appellant or the party ordered to sell, convey or deliver possession of the property, unless an undertaking in a sum fixed by the trial court is given that the appellant or party ordered to sell, convey or deliver possession of the property will not commit or suffer to be committed any waste thereon and that if the

25

claim that on September 20, 2018, Boschal modified Mitchell & Co.'s homeowners insurance policy as follows: (a) coverage for the structure on the Grand Avenue property was increased from $384,190 to $800,000, and (b) coverage for the fair rental value of the property was increased from $38,419 to $80,000. Yet, Kracksmith and Boschal do not argue that either of them sought, let alone obtained, an order from the family court that "fixed" an undertaking in amounts secured by this modified insurance policy. (See Code Civ. Proc., § 917.4.) We thus do not address this argument further.[19] (See *Hernandez*, *supra*, 37 Cal.App.5th at p. 277 [" 'When an appellant raises an issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citations.]" [Citation.]' [Citation.]"].)

---

judgment or order appealed from is affirmed, or the appeal is withdrawn or dismissed, the appellant shall pay the damage suffered by the waste and the value of the use and occupancy of the property, or the part of it as to which the judgment or order is affirmed, from the time of the taking of the appeal until the delivery of the possession of the property. If the judgment or order directs the sale of mortgaged real property and the payment of any deficiency, the undertaking shall also provide for the payment of any deficiency." (Code Civ. Proc., § 917.4.)

[19] Boschal intimates in his opening brief that Code of Civil Procedure section 389, subdivision (a) required Mitchell & Co.'s joinder because the family court ordered the sale of the corporation's bank accounts. To the contrary, the family court ordered that Lisa's share of the value of Mitchell & Co.'s bank accounts be paid from the proceeds of sale of the Grand Avenue property. Thus, it appears that Mitchell & Co. retained control of the bank accounts themselves.

26

Kracksmith and Boschal also maintain that Mitchell & Co.'s absence from the litigation and the family court's decision to void the deed of trust on the Grand Avenue property, "as a practical matter, impaired [Mitchell & Co.'s] ability to protect its interest in being immune from liabilities for any deficiency [on Kracksmith's loan to Mitchell & Co.] or, alternatively, from being liable for expenses beyond the loan balance." This argument does not recognize that the family court not only invalidated the trust deed, but also canceled the underlying loan instrument, and found there was no evidence that Kracksmith transmitted any loan funds to Mitchell & Co. If we were to affirm these aspects of the judgment, then, although Mitchell & Co. is not bound by the judgment,[20] Mitchell & Co. can still elect to raise nonmutual collateral estoppel as a defense should Kracksmith attempt to collect on this purported debt.[21] Kracksmith and Boschal

---

[20] (See *In re Marriage of Ramirez* (2011) 198 Cal.App.4th 336, 344 [" ' "Where the plaintiff seeks some type of affirmative relief which, if granted, would injure or affect the interest of a third person not joined, that third person is an indispensable party." [Citation.] These principles have been codified in Code of Civil Procedure section 389. An " 'indispensable party is not bound by a judgment in an action in which he was not joined.' " ' [Citation.]"].)

[21] (See *Takahashi v. Board of Education* (1988) 202 Cal.App.3d 1464, 1477 ["One not a party to a prior suit may successfully assert collateral estoppel as a defense if: (1) the issue decided in the prior action is identical to the one presented in the action in which the defense is asserted; (2) a final judgment has been entered in the prior action on the merits; and (3) the party against whom the defense is asserted was a party to the prior adjudication."]; *Riverside County Transportation Com. v. Southern California Gas Co.* (2020) 54 Cal.App.5th 823, 838

have not demonstrated properly that some defect other than Mitchell & Co.'s nonjoinder warrants reversal of those portions of the judgment. (See Discussion, parts G–H, *post* [disregarding any appellate claims not discussed explicitly in this opinion because Kracksmith, Daphne, and Boschal failed to raise them properly].) Thus, we need not reverse the judgment on account of Mitchell & Co.'s nonjoinder because the availability of collateral estoppel as a defense moots Kracksmith's and Boschal's concern that Mitchell & Co.'s rights as a debtor have been impaired by its nonjoinder.

We reject Kracksmith's assertion that Lisa lacked standing to challenge Kracksmith's $1.5 million loan to Mitchell & Co. and the accompanying deed of trust on the Grand Avenue property. " ' "As a general principle, standing to invoke the judicial process requires an actual justiciable controversy as to which the complainant has a real interest in the ultimate adjudication because he or she has either suffered or is about to suffer an injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented to the adjudicator. [Citations.] To have standing, a party must be beneficially interested in the controversy; that is, he or she must have 'some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large.' [Citation.] The party must be able to demonstrate that he or she has some such beneficial interest that is concrete and actual, and not conjectural or

---

["In California, a judgment is not final for purposes of res judicata or collateral estoppel if an appeal is pending or could still be taken."].)

28

hypothetical. . . . ."  [Citation.]' " (*Schoshinski v. City of Los Angeles* (2017) 9 Cal.App.5th 780, 791 (*Schoshinski*).)

Lisa suffered an injury that is sufficiently " ' "concrete and actual" ' " to give rise to a justiciable controversy and confer standing on her.  (See *Schoshinski*, *supra*, 9 Cal.App.5th at p. 791.)  In particular, had the loan and deed of trust not been invalidated, then they would have reduced the net worth of Mitchell & Co.'s assets, which in turn would have decreased value of Lisa's equity in this closely held S-corporation.  (Cf. *Rawoof v. Texor Petroleum Co., Inc.* (7th Cir. 2008) 521 F.3d 750, 753, 756 [stating that the sole shareholder of a corporation had Article III standing to raise a statutory claim belonging to the corporation]; *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 559–561 [defining " 'injury in fact' " for the purposes of Article III standing as "an invasion of a legally protected interest which is (a) concrete and particularized, [citations]; and (b) 'actual or imminent, not "conjectural" or "hypothetical," ' [citation]," fn. omitted].)

Kracksmith's argument that Lisa failed to state a claim for quiet title or cancellation of written instrument fails as well.  We asked Kracksmith and Boschal in our April 7, 2021 letter to explain why we should not find they forfeited their claim that the family court could not resolve "the characterization, valuation, and division of . . . the Grand Avenue property and Mitchell [& Co.]. . . . on the ground that Mitchell [& Co.] had not been joined to the proceedings."  After all, as we stated in our letter to the parties, the family court observed in its statement of decision that "the parties [had] agreed" to try these issues.

To the extent Kracksmith or Boschal believed despite their agreement, that the family court could not decide these issues

29

without Mitchell & Co.'s presence, then they should have explained that position in responding to our letter. They did not. Boschal did not respond to our question at all, and Kracksmith's supplemental brief failed to identify any portion of the record in which it articulated in a discernable way its contention that only Mitchell & Co. could raise these quiet title and cancellation of written instrument claims. We conclude that Kracksmith has forfeited this appellate claim. (See *Simplon Ballpark, LLC v. Scull* (2015) 235 Cal.App.4th 660, 668 [holding that to avoid forfeiture of an appellate claim, the appellant must provide the trial court with "sufficient notice of the issue presented or the relief requested"]; *Nelson v. Dept. Alcoholic Bev. Control* (1959) 166 Cal.App.2d 783, 788 ["When a case is tried on the 'assumption that a cause of action is stated, that certain issues are raised by the pleadings, that a particular issue is controlling, . . . neither party can change this theory for purposes of review on appeal.' [Citation.]"].)

In sum, we conclude that Kracksmith's and Boschal's compulsory joinder claim is moot, a justiciable controversy existed between Lisa and Kracksmith regarding the validity of its $1.5 million loan to Mitchell & Co. and the deed of trust relating thereto, and Kracksmith forfeited its appellate claim that Lisa could not state quiet title and cancellation of written instrument causes of action because she was not the borrower on the $1.5 million loan or the owner of the Grand Avenue property.

## D.    Boschal Cannot Relitigate His Anti-SLAPP Motion

Boschal seeks to relitigate his appeal of the family court's denial of his anti-SLAPP motion to strike Lisa's request to declare him a vexatious litigant. Although Boschal identified the denial of his anti-SLAPP motion in his notice of appeal here,

30

we lack jurisdiction to consider this successive appeal because it is untimely.  (See *Wong I*, *supra*, B279040, B282862, B287578 [noting that the family court denied Boschal's motion on August 18, 2016]; Cal. Rules of Court, rule 8.104(a)(1)(C), rule 8.104(e) [providing that a notice of appeal must be filed no later than 180 days after the entry of the order being appealed].)  Accordingly, we must dismiss his appeal of that order.  (See *Ellis v. Ellis* (2015) 235 Cal.App.4th 837, 842 [" 'Compliance with the time for filing a notice of appeal is mandatory and jurisdictional.  [Citations.]  If a notice of appeal is not timely, the appellate court must dismiss the appeal.' [Citations.]"].)

Further, even if we had jurisdiction to review the denial of his motion, we would adhere to our prior affirmance in accordance with the law of the case doctrine.  (See *Santa Clarita Organization for Planning the Environment v. County of Los Angeles* (2007) 157 Cal.App.4th 149, 156 ["Where an appellate court states in its opinion a principle or rule of law necessary to its decision, that principle or rule becomes the law of the case.  [Citation.]  The law of the case must be adhered to both in the lower court and upon subsequent appeal.  [Citation.]"].)

## E.    Daphne Failed to Support Adequately Her Claim the Family Court Erred in Denying Her Request for Costs

Daphne's assertion that the trial court erred in denying her request for costs is not altogether clear.  Apparently, Daphne contends that under Code of Civil Procedure section 1032, she was entitled to costs as the prevailing party because the family court found Daphne held a joint tenancy vis-à-vis the Arriba Drive property.  (See Code Civ. Proc., § 1032, subd. (b) ["Except as otherwise expressly provided by statute, a prevailing party is

31

entitled as a matter of right to recover costs in any action or proceeding."])

In her trial brief, Daphne prayed for, inter alia, a ruling that Lisa's "interest in the Arriba [Drive] Property was held in constructive trust for" Daphne, and that "[n]either [Boschal] nor [Lisa] [should be] awarded any interest in the Arriba [Drive] Property." The family court nevertheless declared that Daphne and the community were in a joint tenancy vis-à-vis the Arriba Drive property, and awarded Lisa an equalization payment for her share of the property.

Daphne does not explain why, notwithstanding the fact that the family court declared that Boschal and Lisa had ownership interests in the Arriba Drive property, the court should have considered Daphne to be the prevailing party for the purposes of Code of Civil Procedure section 1032. Nor does the text of the statute command that conclusion.[22] Accordingly, we will not disturb the family court's denial of her request for costs. (See *Hernandez, supra,* 37 Cal.App.5th at p. 277 [" '[T]o

---

[22] Code of Civil Procedure section 1032, subdivision (a)(4) provides: " 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. *If any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court,* and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034." (Code of Civ. Proc., § 1032, subd. (a)(4, italics added.)

demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.'  [Citation.] . . . 'We are not bound to develop appellants' arguments for them.' "].)

## F.  Kracksmith and Boschal Fail to Show the Family Court Erred in Awarding Lisa Attorney Fees and Costs

Kracksmith and Boschal contest the family court's order requiring them to pay $104,681 in attorney fees and costs to Lisa.

First, Kracksmith and Boschal argue the family court violated Family Code section 271, subdivision (b) by failing to provide them with notice and an opportunity to be heard before granting this award.[23]  The statement of decision undercuts this argument.

In its decision, the family court states:  (1) The parties agreed to try Lisa's request for attorney fees as sanctions against Boschal; (2) Lisa had requested Kracksmith and Boschal be held jointly and severally liable for a sanctions award; and (3) the parties agreed to file and serve written closing and rebuttal arguments.  Kracksmith and Boschal do not dispute this description of the proceedings, nor do they explain why they supposedly lacked an opportunity to respond to Lisa's request for fees and costs.  Rather, they claim the court could award fees and costs only if Lisa had filed a formally noticed motion seeking such

---

[23]  Family Code section 271, subdivision (b) provides:  "An award of attorney's fees and costs as a sanction pursuant to this section shall be imposed only after notice to the party against whom the sanction is proposed to be imposed and opportunity for that party to be heard."

relief.  Boschal and Kracksmith provide no authority supporting the need for a formal motion under these circumstances.  We thus reject their argument for lack of supporting authority.

Next, Boschal maintains that he "should not be responsible for [Lisa's] failed prosecution of other parties, especially against Co-Appellant Daphne Lee where the Court found it had no merit."  Assuming arguendo Lisa incurred attorney fees and costs for claims on which she did not prevail, Boschal offers no citation to evidence in the record that the award actually includes those fees and costs.  (See *Hernandez*, *supra*, 37 Cal.App.5th at p. 277 [" '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and *citation to the record*[,]' " italics added].)

Further, he fails to cite any authority precluding the family court from holding him and Kracksmith jointly and severally liable for Lisa's attorney fees costs, or any authority supporting his claim that her award should exclude fees and costs incurred in connection with "any lawful motions advanced by [Boschal] such as support motions and defense of [Lisa's] attacks such as Vexatious Litigant [*sic*] and restraining orders."  (See *ibid.*)

We also find unpersuasive Kracksmith's argument that it could be liable for only fees and costs arising out of Lisa's claims concerning the "Grand Avenue property with an offset of granting [Kracksmith's] attorney fees on defending its case against [Lisa] on the loan for the Arriba Drive property."  This contention is predicated on Kracksmith's assertion that it "prevailed against [Lisa] on its loan on [the] Arriba Drive property."  This claim has no support in the record, given that the family court did not reduce Lisa's recovery to account for the loan Kracksmith had on the Arriba Drive property or conclude that she was liable for any

34

such loan.  Similarly, Kracksmith cites no evidence to support its suggestion the family court ordered it to pay attorney fees and costs incurred before Kracksmith was joined to the proceedings.

Kracksmith and Boschal direct the court to an invoice from Lisa's counsel dated February 16, 2018, which states Lisa owed a "total balance" of $24,804.72.  (Boldface & capitalization omitted.)  Yet, the trial in this matter did not commence until March 26, 2018, and Kracksmith and Boschal do not clarify whether this invoice was the sole evidentiary basis of Lisa's request for attorney fees and costs.  Because " ' "[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent," ' " we must presume that Lisa incurred more than $24,804.72 in attorney fees and costs in the course of trying the case, and that she substantiated her request for fees and costs.  (See *Yu*, *supra*, 196 Cal.App.4th at p. 787.)

Lastly, Kracksmith and Boschal argue that Lisa's request for attorney fees and costs was based on "fraudulent invoices and declarations" and some unidentified "illegal contract" between Lisa and her counsel.  We reject these contentions because they are vague and without citation to the record.  Appellate courts do not make arguments for parties or scour the record for relevant citations.

## G.   We Dismiss Boschal's and Daphne's Appeals of the Orders Denying Their Motions to Vacate the Judgment

Daphne identifies only the judgment in the statement of appealability section of her briefing, and she does not argue expressly that the family court erred in denying her motion to vacate the judgment.  Likewise, although Boschal's opening brief

includes several scattered complaints regarding the order denying his motion to vacate the judgment, he does not advance any specific legal argument addressing the propriety of that ruling.  We thus dismiss as abandoned Daphne's and Boschal's appeals concerning their motions to vacate.  (See *Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205 [" '[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal.'  [Citation.]"].)

We further note that Kracksmith's and Boschal's opening briefs include citations to the second supplemental clerk's transcript, which is comprised solely of notices, briefing, and exhibits filed in connection with Boschal's and Daphne's motions to vacate the judgment; Kracksmith's notice of intent to file such a motion; Boschal's correspondence regarding documents omitted from the record; and this court's order granting a motion to augment the record.  We disregard these materials in the course of reviewing the family court's judgment because, with the exception of appellants' notices of their intent to move to vacate the judgment,[24] these documents were submitted to the family court *after* it had entered its judgment.  Although we may examine these materials when reviewing an order denying a

_____

[24] These filings are comprised of arguments of counsel, and do not constitute evidence that we may consider.  (See *Fierro v. Landry's Restaurant Inc.* (2019) 32 Cal.App.5th 276, 281, fn. 5 [holding that "we are unable to accept counsel's argument on appeal as facts" and that " 'unsworn averments in a memorandum of law prepared by counsel do not constitute evidence' "].)

36

motion to vacate the judgment, we cannot consider them in assessing the correctness of the judgment itself. (See *In re Marriage of Brewster & Clevenger*, *supra*, 45 Cal.App.5th at p. 498 ["When reviewing the correctness of a trial court's judgment, we only consider matters that were part of the record at the time the court entered the judgment; ' "[t]his rule preserves an orderly system of [litigation] by preventing litigants from circumventing the normal sequence of litigation." [Citation.]' [Citation.]"].)

## H.    Kracksmith, Daphne, and Boschal Fail to Raise Properly the Remainder of Their Appellate Claims

In the factual summary sections of their respective briefs, Kracksmith and Boschal complain about certain aspects of the proceedings below, but they fail to clarify whether these assertions merely supply context for their legal arguments or constitute standalone appellate claims. We disregard these claims because Kracksmith and Boschal fail to provide adequate notice that they intended to raise them. (See *Browne v. County of Tehama* (2013) 213 Cal.App.4th 704, 725–726 [holding that an appellant forfeited a contention by failing to "present[ it] in the argument section of either the opening or reply brief" and to provide "a proper heading" for it]; *Scholes*, *supra*, 10 Cal.App.5th at p. 595 ["A party may choose to act as his or her own attorney. We treat such a party like any other party, and he or she ' "is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]" ' [Citation.]"].)

Insofar as Kracksmith, Daphne, and Boschal intended to raise other appellate claims in their briefing, they failed to do so cogently, did not support them with citations to relevant

37

authority or the record, or attempted to raise improperly new issues in their supplemental briefing.

As illustrative only, although Daphne claims in her opening brief that "the court abused its discretion in routinely and without explanation favoring [Lisa] regarding every significant factual dispute" and that the court exhibited "an unjustifiable bias in favor" of Lisa, Daphne does not clarify whether she intends to raise a judicial bias claim and/or an evidentiary challenge to any particular finding(s), nor does she cite any authority supplying the legal standard applicable to either such claim. (Boldface, underscoring, & capitalization omitted.) Similarly, Kracksmith avers in its opening brief that Mitchell & Co.'s "assets appreciated in value due to the loan from [Kracksmith,]" and that Lisa failed to plead adequately the essential elements of a fraud claim. Kracksmith, however, fails to provide any record citations substantiating these assertions.

Furthermore, Boschal's prolix briefing includes a myriad of nearly incomprehensible arguments or inadequately supported claims. For example, he asserts vaguely that Lisa engaged in dilatory tactics. He also contends that the family court failed to divide equally the community estate, yet he fails to support the vast majority of the factual assertions underpinning this claim with any record citations. Although a handful of allegations pertaining to this appellate claim are supported with record citations, those averments either rely upon materials submitted to the family court *after* entry of judgment or fail to supply sufficient factual context for us to determine whether the family court erred. (See Discussion, part G, *ante* [explaining that we cannot consider materials submitted after the judgment was entered].) Similarly, Boschal's claim that the family court failed

38

correctly to calculate the Grand Avenue property's rental income is not supported by a single record citation.

Additionally, although our May 17, 2021 letter to the parties sought briefing regarding the legal effect of certain documents (see fns. 11 & 12, *ante*), Boschal used that occasion to file a supplemental brief addressing a number of new issues beyond the scope of our correspondence, including complaints regarding Lisa's litigation tactics in a bankruptcy proceeding. In like fashion, Kracksmith's supplemental brief in response to our May 17, 2021 correspondence raises several new issues, including Kracksmith's claim that Code of Civil Procedure section 908 entitles it to an award of restitution from Lisa in the amount of "the current value of the Grand Avenue property plus all interest payments and costs of litigation."

We decline to address any such issues because they are unsupported by cogent argument, record citations, and applicable legal authority, or are raised for the first time in unauthorized supplemental briefing. (See *Hernandez*, *supra*, 37 Cal.App.5th at p. 277 [" '[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.] 'We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise.' [Citations.] We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' [Citation.]"]; *People v. Carr* (2000) 81 Cal.App.4th 837, 846, fn. 8 [declining to address an argument that appellant "did not raise . . . in his opening brief,

and . . . f[ell] outside the scope of [the] order for supplemental briefing"].)

## DISPOSITION

We affirm the family court's judgment, dismiss as abandoned appellant Daphne Lee's and appellant Boschal Lee's appeals of the orders denying their respective motions to vacate the judgment, and dismiss as untimely appellant Boschal Lee's appeal of the denial of his special motion to strike. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, J.


We concur:



ROTHSCHILD, P. J.



CHANEY, J.


40