Filed 3/7/17; pub. order 4/6/17 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----

| | |
|---|---|
| VINCENT E. SCHOLES, | C070770 |
| Plaintiff and Appellant, | (Super. Ct. No. CV23759) |
| v. | |
| LAMBIRTH TRUCKING COMPANY, | |
| Defendant and Respondent. | |

In 2007 a fire spread from defendant Lambirth Trucking Company's (Lambirth) storage site to plaintiff Vincent Scholes' property. Scholes' third amended complaint alleged negligent trespass, intentional trespass, and strict liability against Lambirth. Lambirth demurred to the third amended complaint, arguing it was barred by the statute of limitations and failed to state a viable claim for intentional trespass or strict liability. The trial court sustained the demurrer without leave to amend. Proceeding in pro per, Scholes appeals, arguing the trial court erred in finding his claims barred by the statute of limitations and by failing to grant Scholes leave to amend. We shall affirm the judgment.

1

# FACTUAL AND PROCEDURAL BACKGROUND

## The Fire

Since 2003, Lambirth has operated a soil amendment and enhancement company adjacent to Scholes' real property. Lambirth's company grinds wood products and stores wood chips, sawdust, and rice hulls, the remnants of which have blown onto Scholes' property.

On May 12, 2007, a fire broke out at Lambirth's operation. In the aftermath, Scholes complained to Lambirth about wood chips and rice hulls piling up on his property. In addition, local authorities warned Lambirth of the hazards presented by such storage. In response, Lambirth began removing wood chips and rice hulls from Scholes' property. Subsequently, on May 21, 2007, another fire broke out on Lambirth's property and spread to Scholes' property.

## Original Complaint

Scholes filed his original complaint on May 21, 2010, three years after the fire. The complaint named as defendants Lamberth [*sic*] Trucking Company and its insurer Financial Pacific Insurance Company (Financial Pacific) and stated it was for a "dispute compensation on insurance claim." Scholes alleged "[d]efendants have accepted liability, dispute amount of damages from fire." The complaint alleged Scholes lost use of his property and suffered general and property damages.

## First Amended Complaint

On January 24, 2011, Scholes filed a first amended complaint against Lambirth and Financial Pacific for damages to property and loss of crops. In his complaint, Scholes sought compensation for property lost in the fire, loss of crops, and loss of use of property. Scholes did not assert any additional causes of action in the form complaint.

Lambirth and Financial Pacific filed a motion for judgment on the pleadings, arguing Scholes failed to state facts sufficient to state a cause of action. The trial court granted the motion with leave to amend.

2

## Second Amended Complaint

Scholes filed a second amended complaint on August 9, 2011, against "John Lambirth Trucking", Financial Pacific, and Financial Pacific's officers and directors. The second amended complaint alleged a cause of action against Lambirth for trespass, stating Lambirth provided no structures to contain the wood chips and rice hulls on its property, allowed wood chips and rice hulls to trespass on Scholes' property, and provided no water source to suppress "any fire that may ignite in or by said flammable materials." According to the complaint, "But for the flammable materials from [Lambirth's] business operation that said defendant allowed to encroach and trespass upon [Scholes'] real property, there would have been no fuel to ignite [Scholes'] personal property stored upon the real property on May 21, 2007." In October 2011 Scholes agreed to dismiss with prejudice his action against Financial Pacific and its officers and directors.

Lambirth demurred to the second amended complaint, arguing it was barred by the statute of limitations. The trial court sustained the demurrer with leave to amend the first cause of action.

## Third Amended Complaint

Subsequently, on November 10, 2011, Scholes filed a third amended complaint alleging three causes of action: negligent trespass, intentional trespass, and strict liability (trespass through unnatural activity). The complaint stated that in 2003, Lambirth began operating a soil amendment and enhancement business adjacent to Scholes' property on which it stored wood chips, sawdust, rice hulls, and other combustible material. The storage of combustible materials violated Civil Code section 1014 and was "unnatural."

According to the complaint, on May 12, 2007, after the fire on Lambirth's property, fire authorities warned Lambirth of the hazards presented by its storage. Nineteen days later, on May 21, 2007, " a fire erupted at the storage site of said combustible materials of Defendant which Defendant failed to either control or suppress

3

due to inadequate water supplies and other fire suppression equipment and inadequate manpower for such purposes which fire spread to the realty of Plaintiff and destroyed personal property, growing crops, and other growth," "motor vehicles," "other mechanical equipment," and "damaged and destroyed a walnut orchard." Scholes requested triple damages under Civil Code section 3346 and Code of Civil Procedure section 733 for the damage to the walnut orchard.[1]

Lambirth filed a demurrer to the third amended complaint arguing it was barred by the statute of limitations and failed to state a viable claim for intentional trespass or strict liability. In response, Scholes asserted a three-year statute of limitations applied to his cause of action for trespass and the third amended complaint related back to the original complaint.

The trial court sustained the demurrer without leave to amend and dismissed the action. Following entry of judgment, Scholes filed a timely appeal.

## DISCUSSION

## I.

The function of a demurrer is to test the sufficiency of the complaint by raising questions of law. We give the complaint a reasonable interpretation and read it as a whole with all parts considered in their context. A general demurrer admits the truth of all material factual allegations. We are not concerned with the plaintiff's ability to prove the allegations or with any possible difficulties in making such proof. We are not bound by the construction placed by the trial court on the pleadings; instead, we make our own independent judgment. (*Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 824.)

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise designated.

4

Where the trial court sustains the demurrer without leave to amend, we must decide whether there is a reasonable possibility the plaintiff can cure the defect with an amendment. If we find that an amendment could cure the defect, we must find the court abused its discretion and reverse. If not, the court has not abused its discretion. The plaintiff bears the burden of proving an amendment would cure the defect. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.)

## II.

On appeal, a party challenging an order has the burden to show error by providing an adequate record and making coherent legal arguments, supported by authority, or the claims will be deemed forfeited. (See *People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; *In re S.C.* (2006) 138 Cal.App.4th 396, 408.) The rules of appellate procedure apply to Scholes even though he is representing himself on appeal. (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121.) A party may choose to act as his or her own attorney. We treat such a party like any other party, and he or she " 'is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247.)

## III.

In his third amended complaint, Scholes alleged three causes of action: negligent trespass, intentional trespass, and unnatural activity trespass. All three causes of action stemmed from damage caused by the fire on May 21, 2007.

The negligence cause of action alleged Lambirth stored combustible material on its land over the repeated objections of Scholes, and despite the warnings of fire authorities. After the fire erupted, Lambirth failed to control or suppress it due to inadequate water supplies and other fire suppression equipment which resulted in damage to Scholes' property in the amount of $204,277.82. Lambirth's act violated Civil Code section 1014. Scholes requested triple damages under Civil Code section 3346.

5

In his intentional trespass cause of action, Scholes alleged Lambirth's storage of combustible materials and its failure to mitigate the risk of fire was the "equivalent of a conscious disregard of said risk and therefore rendered said conduct of defendant willful." In his final cause of action for strict liability (unnatural activity trespass) Scholes alleges simply: "The accumulation and storage of said combustible materials was unnatural and was done and performed by Defendant such it is strictly liable under the common-law doctrine of *Wintergreen v. Winterbottom* for said damages."[2]

## IV.

Lambirth argues section 339, subdivision (1) sets forth the applicable statute of limitations: "Within two years: 1. An action upon a contract, obligation or liability not founded upon an instrument of writing, except as provided in Section 2725 of the Commercial Code or subdivision 2 of Section 337 of this code." Lambirth contends the statute of limitations for trespass, three years pursuant to section 338, subdivision (b), does not apply.

According to Lambirth, the two-year limitations period applies to actions in which the damage to a plaintiff's property is consequential only and arises from a defendant's lawful act not done on a plaintiff's property, but committed elsewhere "and causing as a consequence thereof some injury to plaintiff's property not arising from an entry thereon by the defendant or his agencies." (*Porter v. City of Los Angeles* (1920) 182 Cal. 515, 518.) Lambirth argues the Supreme Court has held that the three-year period allowed for maintenance of an action for trespass on real property, section 338, subdivision (b), applies only where there is an actual entry on the property or direct injury amounting to trespass. In support, Lambirth cites *Crim v. City & County of San Francisco* (1907)

---

[2] Neither party references *Wintergreen v. Winterbottom*.

6

152 Cal. 279 (*Crim*) and *Denari v. Southern California Ry. Co.* (1898) 122 Cal. 507 (*Denari*).

Lambirth is mistaken. In *Elton v. Anheuser-Busch Beverage Group, Inc.* (1996) 50 Cal.App.4th 1301, 1305-1306 (*Elton*), the appellate court reviewed the history of the distinction between direct and consequential damages in determining whether a trespass had occurred. Although older cases, including *Crim* and *Denari,* concluded a consequential trespass was not a trespass within the meaning of section 338, the Supreme Court in *Coley v. Hecker* (1928) 206 Cal. 22, 28 stated: " 'The trend of the decisions of this court is generally in accord with the doctrine whenever the question has come before it, that trespasses may be committed by consequential and indirect injuries as well as by direct and forcible injuries.' " In 1982 the Supreme Court reiterated that the rule has evolved in California that trespass may be committed by consequential and indirect injury as well as by direct and forcible injury. (*Wilson v. Interlake Steel Co.* (1982) 32 Cal.3d 229, 232.)

The *Elton* court concluded: "Thus, we need not decide whether the damages to the plaintiffs' property were an indirect consequence of the defendant's act of lighting the fire or a direct result of the defendant's negligence in allowing the fire to escape, or whether the common law would classify an action to recover compensation for such damages as an action for trespass or on the case. [Citation.] The distinction between direct and consequential damages having been abandoned, the possibility that the damages may have been only an indirect consequence of the fire does not prevent the escape of that fire from constituting a trespass." (*Elton, supra*, 50 Cal.App.4th at p. 1306.)

## V.

Therefore, the three-year statute of limitations under section 338, subdivision (b) applies to Scholes' causes of action for trespass. The fire took place on May 21, 2007, and Scholes filed his original complaint on May 21, 2010. However, Scholes did not

7

allege trespass until his second amended complaint filed in August 2011, over three years after the fire.

Unless an amended complaint relates back to a timely filed original complaint, it will be barred by the statute of limitations. (*Barrington v. A.H. Robins Co.* (1985) 39 Cal.3d 146, 150.) Under the relation-back doctrine, in order to avoid the statute of limitations, the amended complaint must: rest on the same general set of facts as the general complaint, refer to the same accident and same injuries as the original complaint, and refer to the same instrumentality as the original complaint. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 408-409.)

A complaint must contain a statement of the facts constituting the cause of action in ordinary and concise language. (§ 425.10, subd. (a)(1).) This requirement obligates the plaintiff to allege ultimate facts that, taken as a whole, apprise the defendant of the factual basis of the claim. (*Lim v. The.TV Corp. Internat.* (2002) 99 Cal.App.4th 684, 689-690.) The requirement that the complaint allege ultimate facts forming the basis for the plaintiff's cause of action is central to the relation-back doctrine and the determination of whether an amended complaint should be deemed filed as of the date of the original pleading. (*Davaloo v. State Farm Ins. Co.* (2005) 135 Cal.App.4th 409, 415 (*Davaloo*).)

The relation-back doctrine requires us to compare the factual allegations in the original and amended complaints. (*Davaloo, supra*, 135 Cal.App.4th at p. 416.) "Just as a plaintiff who changes the essential facts upon which recovery is sought is not entitled to the benefits of the relation-back doctrine, so too a plaintiff who files a complaint containing no operative facts at all cannot subsequently amend the pleading to allege facts and a theory of recovery for the first time and claim the amended complaint should be deemed filed as of the date of the original, wholly defective complaint: Going from nothing to something is as much at odds with the rationale for allowing an amended

8

pleading to relate back to the filing of the original documents as changing from one set of facts to a different set." (*Ibid.*)

Here, Scholes' original complaint alleges a cause of action for "[d]ispute compensation on insurance claim." The relief sought is "compensation for property loss." Finally, the complaint alleges "[d]efendants have accepted liability, dispute amount of damages from fire." Nothing else is listed in or attached to the original complaint.

The original complaint, devoid of factual allegations, fails to meet section 425.10, subdivision (a)'s minimal fact pleading requirement. The original complaint does not identify the property at issue or specify the damages suffered; it merely lists "loss of use of property" and "property damage". The complaint fails to specify the date, origin, or scope of the fire. The original complaint does not set forth the relationship between the parties or any duties owed to Scholes by Lambirth. Nor does the original complaint specify any causes of action except for checking the box for "Property Damage". Nothing in the original complaint sets forth any factual basis for Scholes' subsequent claims for negligent trespass, intentional trespass, or unnatural activity trespass. It is impossible to even infer the nature of any dispute between Scholes and Lambirth.

In finding the amended complaint does not relate back, we rely on the totality of the deficiencies in the original complaint, rather than any single defect. The totality of these material deficiencies leave nothing to which the first amended complaint can be compared to or to which they can relate back. "Although there can be no bright-line rule as to when a complaint is so deficient to preclude relation back (any more than there is a bright line rule when an amended set of facts is too dissimilar to the originally pleaded set), the original complaints here—with all their deficiencies—are plainly insufficient." (*Davaloo, supra*, 135 Cal.App.4th at pp. 417-418.)

In determining whether the amended complaint alleges facts that are sufficiently similar to those alleged in the original complaint, we consider whether the defendant had

9

adequate notice of the claim based on the original pleading. The policy behind statutes of limitations is to put a defendant on notice of the need to defend against a claim in time to prepare an adequate defense. This requirement is met when recovery under an amended complaint is sought on the same basic set of facts as the original pleading. (*Pointe San Diego Residential Community L.P. v. Procipio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 277 (*Pointe San Diego*)*; Garrison v. Board of Directors* (1995) 36 Cal.App.4th 1670, 1678.)

Here, we find the lack of facts in the present case in stark contrast to the facts found sufficient in *Pointe San Diego* to invoke the relation-back doctrine. In *Pointe San Diego,* plaintiffs brought a malpractice action against a law firm in a complex multi-party real estate litigation that resulted in multiple appeals. (*Pointe San Diego, supra*, 195 Cal.App.4th at pp. 269-270.) The trial court sustained the law firm's demurrer without leave to amend on the plaintiffs' fourth amended complaint, finding the claims barred by the statute of limitations and the relation-back doctrine inapplicable. (*Id.* at p. 273.)

The appellate court reversed. The court noted the original complaint named the plaintiffs and the law firm. It was a form complaint with the box marked "General Negligence" checked and with an attachment alleging the law firm was the legal (proximate) cause of damage to the plaintiffs and by " 'the following acts or omissions to act, defendants negligently caused the damage to plaintiff.' " (*Pointe San Diego, supra*, 195 Cal.App.4th at p. 277.) In the description of reasons for liability section, the plaintiffs stated their attorneys failed to use due care in the handling of the underlying lawsuit. (*Ibid.*) The court found, because there was a single litigation matter in which the law firm had represented the plaintiffs, the firm was put on notice that the professional negligence claim was based on its representation of the plaintiffs "and of the need to gather and preserve evidence relating to this representation." (*Id.* at p. 278.)

The court concluded: "Procopio had represented these plaintiffs for several years in this precise litigation, controlled the litigation strategy, participated in numerous client conversations and meetings, and produced or had immediate access to the documents that would inevitably become relevant in the malpractice action. Although the original complaint did not detail *how* the firm had allegedly breached the standard of care, the form complaint and the fourth amended complaint rested on the same general set of facts (Procopio's prosecution of the Pointe I litigation), involved the same injury (monetary damages sustained as a result of alleged professional negligence), and referred to the same instrumentality (alleged professional negligence)." (*Pointe San Diego, supra*, 195 Cal.App.4th at p. 278.)

In finding the amended complaint related back to the original complaint, the *Point San Diego* court distinguished *Davaloo*. In *Davaloo,* two plaintiffs filed identically worded complaints against State Farm, alleging breach of contract and bad faith causes of action relating to property damage from the Northridge earthquake. The complaints stated in general terms that the plaintiffs had suffered insured losses as a result of the earthquake and had timely contacted the insurer regarding damages. Aside from the caption, the complaints did not mention the defendants or plaintiffs by name and did not provide any information about the insurance policies or the claims being made by the plaintiffs. (*Davaloo, supra*, 135 Cal.App.4th at pp. 411-412; *Pointe San Diego, supra*, 195 Cal.App.4th at p. 280.) The *Davaloo* court found the relation-back doctrine was inapplicable because of the complete lack of factual allegations. Even after liberally construing the pleadings, the court explained "the body of each of the original complaints at bottom alleges nothing more than the Northridge earthquake caused harm to a resident or residents of Los Angeles County. Such an allegation falls far short of apprising State Farm of the factual basis of their claim." (*Davaloo, supra*, 135 Cal.App.4th at p. 417.)

The court in *Pointe San Diego* agreed with the reasoning of *Davaloo*: "If an original complaint lacks facts sufficient to provide notice to the defendant of the essential

11

nature of the claim, it would defeat this policy to permit the plaintiff to remedy this error by filing a new amended complaint beyond the limitations period. In *Davaloo,* State Farm could not have known what facts it needed to gather and preserve during the one-year limitations period. State Farm had *no* information about the insureds, their property, the claimed damages, the nature of their bad faith claims, or any of the relevant conduct or activities undertaken by State Farm." (*Pointe San Diego, supra*, 195 Cal.App.4th at pp. 280-281.) It distinguished *Davaloo,* noting that in its case, the original complaint placed the law firm on notice of the identity of the plaintiffs and the nature of their claims, referring to the specific litigation and alleging a failure to use due care in handling the litigation. (*Ibid.*)

We find the case before us more akin to *Davaloo* than *Pointe San Diego.* Scholes' original complaint fails to put Lambirth on notice of any cause of action against it. This void prevents the amended complaint from relating back to the original complaint.

## VI.

For the first time on appeal, Scholes argues the first cause of action for negligence is for "damage to trees" under Civil Code section 3346 and section 733 and is subject to a five-year statute of limitations. Civil Code section 3346, subdivision (a) states in pertinent part: "For wrongful injuries to timber, trees, or underwood upon the land of another, or removal thereof, the measure of damages is three times such sum as would compensate for the actual detriment." Civil Code section 3346, subdivision (c) states: "Any action for the damages specified by subdivisions (a) and (b) of this section must be commenced within five years from the date of trespass." Therefore, Scholes contends, since the fire took place on May 21 through May 30, 2007, he could file suit no later than May 2012 and his November 10, 2011, complaint was timely filed.

However, we previously held that Civil Code section 3346, which authorizes double damages for wrongful injuries to timber, trees or underwood, where the trespass causing the injuries was casual or involuntary, did not apply to damage to property

12

resulting from fires negligently set.  (*Gould v. Madonna* (1970) 5 Cal.App.3d 404, 406-407 (*Gould*).)

In *Gould* a construction company negligently set and maintained fires on a highway it was constructing.  An uncontrolled fire burned extensive areas, including timber, trees, and land of the plaintiff.  After defendant's liability was established, the trial court refused to award double damages.  We affirmed the judgment, holding Civil Code section 3346, which authorizes double damages did not apply to fires negligently set.  (*Gould, supra*, 5 Cal.App.3d at pp. 405-407.)

Instead we found that Health and Safety Code sections 13007 and 13008, which cover liability in relation to fires, applied.  Section 13007 states:  "Any person who personally or through another willfully, negligently, or in violation of law, sets fire to, allows fire to be set to, or allows fire kindled or attended by him to escape to, the property of another, whether privately or publicly owned, is liable to the owner of such property for any damages to the property caused by the fire."  Section 13008 states: "Any person who allows any fire burning upon his property to escape to the property of another, whether privately or publicly owned, without exercising due diligence to control such fire, is liable to the owner of such property for the damages to the property caused by the fire."

In coming to this conclusion we considered the legislative history of Civil Code section 3346 and Health and Safety Code sections 13007 and 13008.  We concluded this history demonstrated a legislative intention that only actual damages be recoverable for injury caused by negligently set fires.  "That history indicates that the Legislature has set up a statutory scheme concerning timber fires completely separate from the scheme to meet the situation of the cutting or other type of injury to timber."  (*Gould, supra*, 5 Cal.App.3d at p. 407.)  We noted Civil Code section 3346 provides double damages, a provision penal in nature.  "There are no penal provisions in the section dealing with fires.  It would appear that if the Legislature intended a penalty in connection with injury

13

by fire, it would have placed it in the sections dealing with fires." (*Gould,* at pp. 407-408.)

Finally, we also distinguished the legislative purpose behind Civil Code section 3346: "The normal use of Civil Code section 3346 is in cases where timber has been cut from another's land, either with or without knowledge that the cutting was wrongful. It has been suggested that the purpose of the statute is to educate blunderers (persons who mistake location of boundary lines) and to discourage rogues (persons who ignore boundary lines), to protect timber from being cut by others than the owner. [Citation.] We have found no indication anywhere that anyone has considered that the double damages provisions of section 3346 are applicable to fire damage caused by negligence. . . . Section 3346 is irrelevant to the damage in this case." (*Gould, supra*, 5 Cal.App.3d at p. 408; see also *McKay v. State of California* (1992) 8 Cal.App.4th 937, 939.)

As Scholes points out, the court in *Kelly v. CB & I Constructors, Inc.* (2009) 179 Cal.App.4th 442 (*Kelly*) disagreed with our analysis in *Gould* and found that section 3346 does apply to fire damage to trees. (*Id.* at pp. 459-463.) *Kelly* determined the plain language of the statute authorizing an award of double damages " '[f]or wrongful injury to . . . trees . . . upon the land of another, . . . where the trespass was casual or involuntary' " includes damage from a negligently set brush fire. (*Id.* at p. 463.) *Kelly* did not consider the legislative history or purposes behind the two sets of statutes. (*Ibid.*) Despite *Kelly's* disagreement with our analysis, *Gould* remains viable and controlling here.[3]

## VII.

Finally, Scholes must demonstrate both a reasonable probability that the third amended complaint can be amended; and the manner in which it may be amended to cure

---

[3] The federal district court adopted *Kelly's* analysis in *United States v. Sierra Pac. Industries* (E.D.Cal. 2012) 879 F.Supp.2d 1096.

14

the defect of failing to file the action within the applicable limitations period.  (*Hendy v. Losse* (1991) 54 Cal.3d 723, 742.)  Scholes fails to demonstrate how his third amended complaint could be amended to avoid the statute of limitations bar.

## DISPOSITION

The judgment is affirmed.  Lambirth shall recover costs on appeal.

         RAYE         , P. J.

We concur:

        BLEASE      , J.

        ROBIE        , J.

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Colusa)

----


| | |
|---|---|
| VINCENT E. SCHOLES, | C070770 |
| Plaintiff and Appellant, | (Super. Ct. No. CV23759 ) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| LAMBIRTH TRUCKING COMPANY, | |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |


APPEAL from a judgment of the Superior Court of Colusa County, Jeffrey A. Thompson, Judge.  Affirmed.

Vincent E. Scholes, in pro. per., for Plaintiff and Appellant.

Anwyl, Scoffield & Steep, James T. Anwyl and Lynn A. Garcia for Defendant and Respondent.

THE COURT:

The opinion in the above-entitled matter filed on March 7, 2017, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:

_____RAYE_____, P. J.

_____BLEASE_____, J.

_____ROBIE_____, J.

2