Filed 7/28/21  White v. Medical Board of Cal. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| JAMES GREGORY WHITE, | C092074 |
| Plaintiff and Appellant, | (Super. Ct. No. 193760) |
| v. | |
| MEDICAL BOARD OF CALIFORNIA, | |
| Defendant and Respondent. | |

Plaintiff James Gregory White sought a declaratory judgment to excuse himself from complying with the requirement to provide two letters of recommendation when petitioning for reinstatement of his medical license.  Defendant Medical Board of California (the Board) demurred.  The trial court sustained the demurrer without leave to amend.  White appeals in propria persona and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

White surrendered his license to practice medicine under a settlement with the Board.  After three years, he submitted part of a petition for reinstatement.  White's

1

petition did not contain two letters of recommendation from a physician or surgeon as required by Business and Professions Code section 2307, subdivision (c). Instead, White submitted a "Statement in Lieu of the Two-Letters Requirement and Objection Thereto" along with his petition. The Board informed White two letters were needed, declined to consider the petition until it was complete, and returned the petition by mail. White sought a declaratory judgment that he was excused from complying with the two-letter requirement because it was impossible for him to comply. He alleged he could not comply because there were not two physicians or surgeons with personal knowledge of his activities since surrendering his license. The Board demurred, arguing White had failed to exhaust his administrative remedies because he never filed a proper petition and it was never denied by the Board. The trial court sustained the demurrer without leave to amend, finding White failed to state a claim, failed to exhaust his administrative remedies, the case was not ripe for review, and no amendment to the complaint could cure it.

White appeals.

DISCUSSION

I

*The Trial Court Properly Sustained The Demurrer*

White argues the trial court erred by sustaining the demurrer because he exhausted his administrative remedies, his claims are ripe for review, the two-letter requirement is unconstitutional, and he was excused from complying with the petition process because it was impossible for him to submit two letters of recommendation. We disagree.

"The function of a demurrer is to test the sufficiency of the complaint by raising questions of law. We give the complaint a reasonable interpretation and read it as a whole with all parts considered in their context. A general demurrer admits the truth of all material factual allegations. We are not concerned with the plaintiff's ability to prove the allegations or with any possible difficulties in making such proof. We are not bound

2

by the construction placed by the trial court on the pleadings; instead, we make our own independent judgment." (*Scholes v. Lambirth Trucking Co.* (2017) 10 Cal.App.5th 590, 595.)

White's first argument is that he exhausted his administrative remedies as shown by the Board's refusal to consider and return of his petition. Not so. "A party must exhaust its administrative remedies before it seeks judicial review. An administrative remedy is exhausted only upon termination of all available administrative review procedures. [Citations.] ' "The exhaustion doctrine is principally grounded on concerns favoring administrative autonomy (i.e., courts should not interfere with an agency determination until the agency has reached a final decision) and judicial efficiency (i.e., overworked courts should decline to intervene in an administrative dispute unless absolutely necessary)." ' " (*AIDS Healthcare Foundation v. State Dept. of Health Care Services* (2015) 241 Cal.App.4th 1327, 1337.)

White acknowledges he did not submit two letters of recommendation and thus failed to comply with the requirements of Business and Professions Code section 2307 for completing the administrative process. Further, it is not reasonable under the facts to conclude the petition was denied where the Board informed White it could not consider the petition without the required letters and he failed to provide them. Until the Board has received a complete petition and reached a decision, White has not exhausted his administrative remedies. White has alleged no facts to show he submitted a completed petition. Accordingly, White cannot show he has exhausted his administrative remedies.

White's next argument seeks to show the case was ripe for review by the trial court. In determining whether a case is ripe, the court will consider whether the issues are sufficiently definite and the degree of hardship felt by the parties absent a determination. (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 171-172.) For the same reasons the allegations failed to show exhaustion, they failed to show White's petition was denied, such that the facts underlying the Board's

3

alleged denial are "sufficiently congealed to permit an intelligent and useful decision to be made." (*California Water & Telephone Co. v. County of Los Angeles* (1967) 253 Cal.App.2d 16, 22.) Indeed, there are no reasons provided by the Board supporting an alleged denial for us to review, especially in light of the fact that White failed to present to the Board the constitutional claim he attempted to present to the trial court and on appeal. Thus, White's case is not ripe for review.

White also asserts subdivision (c) of Business and Professions Code section 2307 is unconstitutional. White provides no argument or authority for this contention. He merely states he generally challenged the validity of the statute and was not provided an opportunity to explain the constitutional violation. He does not attempt to explain the violation now. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited]." (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784.) Given White's briefing failures, he has forfeited his constitutional argument on appeal.

Finally, White argues he is excused from completing the petition process because it is impossible for him to do so. "[I]mpossibility of compliance can render a statutory mandate 'inoperative' in a particular instance insofar as it is apparent that 'the Legislature did not intend to include' that instance within the ambit of the statutory mandate." (*National Shooting Sports Foundation, Inc. v. State* (2018) 5 Cal.5th 428, 435.) "Impossibility means not only strict impossibility but also impracticability because of extreme and unreasonable difficulty, expense, injury or loss involved." (*Board of Supervisors v. McMahon* (1990) 219 Cal.App.3d 286, 300.) White has not alleged that

he *cannot* acquaint himself with other physicians or surgeons so they may recommend his reinstatement, only that he *has not*. He has further not alleged strict impossibility, i.e., that he can never provide letters of recommendation as required. Nor has he alleged impracticability. Though he states the requirement "works a grave injustice," he

mentions only that he has chosen not to socialize with other physicians or surgeons during the last three years.  Thus, he cannot show he is entitled to be excused from compliance.

## II

### *It Was Proper To Sustain The Demurrer Without Leave To Amend*

White argues the trial court erred in finding he could not cure the defects of his complaint.  We disagree.  "We review the trial court's decision denying leave to amend for abuse of discretion."  (*Olson v. Hornbrook Community Services Dist.* (2019) 33 Cal.App.5th 502, 516.)  "Where the trial court sustains the demurrer without leave to amend, we must decide whether there is a reasonable possibility the plaintiff can cure the defect with an amendment.  If we find that an amendment could cure the defect, we must find the court abused its discretion and reverse.  If not, the court has not abused its discretion.  The plaintiff bears the burden of proving an amendment would cure the defect."  (*Scholes v. Lambirth Trucking Co.*, *supra*, 10 Cal.App.5th at p. 595.)  Plaintiff has not presented what amendment he could make that would cure the deficiencies of his complaint.  Accordingly, we fail to see how any amendment would cure the complaint.[1]

## DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rule of Court, rule 8.278(a)(5).)


/s/_____

Robie, Acting P. J.

---

[1]    White argues he should have been given leave to submit a completed petition. Neither the trial court's determination nor this decision prevents White from completing the petitioning process with the Board.

5

We concur:

/s/  
Hoch, J.

/s/  
Renner, J.