Filed 2/25/26  Leahy v. Hunt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LINDA LEAHY, | |
| Plaintiff and Appellant, | C101667 |
| v. | (Super. Ct. No. 23CV010289) |
| DANIEL HUNT, | |
| Defendant and Respondent. | |

Plaintiff Linda Leahy contends the trial court erred in denying her request for reasonable accommodation.  Finding no trial court error or abuse of discretion, we will affirm the judgment.

BACKGROUND

Leahy filed a complaint against her former attorney Daniel Hunt, and Hunt demurred to the first amended complaint on statute of limitations grounds.  According to a June 11, 2024[1] trial court order, Leahy filed a disability accommodation request

---

[1]  All subsequent dates refer to 2024 unless otherwise indicated.

1

on May 24 (the May 24 request), indicating that she was deaf and needed a closed captioner for a June 13 hearing on Hunt's demurrer. The trial court indicated that it had granted the May 24 request for a closed captioner, and that it had reserved a closed captioner to provide real-time reporting at the June 13 hearing. According to the trial court, in her May 24 request, Leahy also asked for a court reporter and a certified transcript, but the trial court had ruled that those requests did not fall within California Rules of Court, rule 1.100[2] because they related to memorializing the hearing for future use, not accessing or participating in the hearing itself; nevertheless, Leahy could make a separate request for a court reporter and a certified transcript.

In a subsequent disability accommodation request signed by Leahy on June 6 and filed on June 11 (the June 6 request), Leahy asked for a continuance of the June 13 hearing, saying she was unable to proceed without full accommodation and that a continuance was the only reasonable accommodation under rule 1.100(a)(3) pending a writ of mandate review and decision by this court, citing *In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261 [the trial court erred in denying a continuance as an accommodation when none of the specified grounds for denial were present]. Leahy's attachment to her June 6 request added that she needed a continuance to obtain a certified, real-time captioning reporter's transcript.

On June 11, the trial court (Judge Richard K. Sueyoshi) ruled on the June 6 request. Referring to the prior May 24 request and order, the trial court stated that if Leahy's June 6 request was again asking for a closed captioner to be present at the June 13 hearing, that request had already been granted. If the June 6 request was asking for a court reporter and a certified transcript, Leahy could make such requests, but not through the MC-410 disability accommodation request form. As for Leahy's June 6

---

[2] Undesignated rule references are to the California Rules of Court.

request for a continuance, the trial court ruled that because a continuance would implicate Hunt's rights, Leahy would need to give Hunt, and the judge hearing Hunt's demurrer (Judge Christopher E. Krueger), notice of her request for a continuance.

On the morning of June 12, Leahy received the order on her June 6 request. That same day, Leahy filed a request for a court reporter for the June 13 hearing, the trial court issued a tentative ruling sustaining the demurrer with leave to amend, and counsel for Hunt informed Leahy that he had requested an appearance for the June 13 hearing.

A hearing was held on the demurrer on June 13. Hunt's counsel appeared at the hearing, and a court reporter and a closed captioner were also present. Leahy did not appear. The matter was argued and submitted. The trial court (Judge Krueger) sustained the demurrer without leave to amend, and entered judgment in favor of Hunt and against Leahy.

DISCUSSION

Leahy contends the trial court erred in denying her request for accommodation, resulting in her inability to participate and present her case.

A

We begin by reviewing well-established principles of appellate procedure that apply to all litigants. On appeal, we presume the trial court's order is correct. The burden is on the appellant – here Leahy – to affirmatively show, based on an adequate record, that the trial court erred. (*Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323 (*Dilbert*); *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*); *Scholes v. Lambirth Trucking Co.* (2017) 10 Cal.App.5th 590, 595 (*Scholes*).) " 'All intendments and presumptions are indulged to support [the trial court's order] on matters as to which the record is silent . . . .' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

In presenting her claims, the appellant must "[p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).) In addition, all

3

appellate briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).)

All appellate briefs must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." (Rule 8.204(a)(1)(B).) We are not obligated to construct legal arguments for a party and need not consider an issue when a party fails to comply with these requirements. (*Dilbert, supra*, 101 Cal.App.5th at p. 323; *Tanguilig, supra*, 36 Cal.App.5th at p. 520; *Consolidated Irrigation Dist. v. City of Selma* (2012) 204 Cal.App.4th 187, 201; *In re S.C.* (2006) 138 Cal.App.4th 396, 410.)

Self-represented litigants are not exempt from the above requirements. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247 (*Nwosu*); *Tanguilig, supra*, 36 Cal.App.5th at p. 520; *Scholes, supra*, 10 Cal.App.5th at p. 595.) They are treated like any other party. (*Nwosu*, at p. 1247; see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

Leahy's appellate briefs do not comply with the foregoing requirements. They do not contain any headings, and her appellate opening brief refers to matters not contained in the record. For example, the statement of facts in her appellate opening brief refers to her communications with the "Executive Offices of the Court," legal counsel's "private correspondences with the clerk," and a fee waiver application and request for accommodation filed with her January 25 motion for preference. Those matters are not in the record. The appellate opening brief also contains statements that are inconsistent with the record. For example, Leahy states that the trial court never provided her any accommodation. But Leahy's request for a closed captioner was granted. As another example, Leahy states that her requests for accommodation were denied on the grounds that she did not qualify as a disabled person under rule 1.100, she needed to file a fee waiver request with her request for accommodation, and that no reasons were given. However, the trial court's December 6, 2023 and June 11 orders -- the only trial court accommodation responses in the appellate record -- do not state that Leahy is not an

4

individual with a disability or that she needed to file a fee waiver request. Nor did the trial court fail to state its reasoning. We disregard factual contentions that are not supported by citations to the record or that are based on matters not in the record on appeal. (*Tanguilig, supra*, 36 Cal.App.5th at p. 520; *In re S.C., supra*, 138 Cal.App.4th at pp. 406-407, 414.)

B

Rule 1.100 implements the policy of the courts to ensure that persons with disabilities have equal and full access to the judicial system. (Rule 1.100(b).) The rule defines "persons with disabilities" as individuals covered by the California Unruh Civil Rights Act (Civ. Code, § 51), the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.) (ADA), or other applicable state and federal laws. (Rule 1.100(a)(1).) Rule 1.100 establishes a procedure for a party to request an accommodation. (Rule 1.100(a)(2), (c)(1).) Accommodations are "actions that result in court services, programs, or activities being readily accessible to and usable by persons with disabilities." (Rule 1.100(a)(3).) Accommodations may include making reasonable modifications in policies, practices and procedures and furnishing, at no charge, to persons with disabilities, auxiliary aids and services, equipment, devices, materials in alternative formats and readers or certified interpreters. (Rule 1.100(a)(3).) Accommodations contemplated under rule 1.100 may also include a continuance if appropriate. (*Friends of South Fork Gualala v. Dept. of Forestry & Fire Protection* (2024) 106 Cal.App.5th 1180, 1194 (*Friends of South Fork Gualala*); *Vesco v. Superior Court* (2013) 221 Cal.App.4th 275, 279 (*Vesco*); *In re Marriage of James & Christine C., supra*, 158 Cal.App.4th at p. 1273, fn. 4.)

A request for accommodation under rule 1.100 may be made ex parte on a form approved by the Judicial Council, in another written format, or orally. (Rule 1.100(a)(2), (c)(1).) The request must include a description of the accommodation sought, along with a statement of the condition that necessitates the accommodation. (Rule 1.100(c)(2).)

When a request could affect the right of the other party, the other party has a right to notice of the request. (*Vesco, supra*, 221 Cal.App.4th at p. 280.)

In determining whether to grant an accommodation request or provide an appropriate alternative accommodation, a trial court must consider, but is not limited by, the provisions of the California Unruh Civil Rights Act, ADA, and other applicable state and federal laws. (Rule 1.100(e)(1).) A trial court may deny a request for accommodation only when it determines that (1) the applicant has failed to satisfy the requirements of rule 1.100; (2) the requested accommodation would create an undue financial or administrative burden on the court; or (3) the requested accommodation would fundamentally alter the nature of the service, program, or activity. (Rule 1.100(f).) In addition, a trial court must promptly inform the applicant whether a request is granted or denied. (Rule 1.100(e)(2).) If the accommodation request is denied in whole or in part, the response must be in writing. (Rule 1.100(e)(2).)

We review a trial court's decision to grant or deny a request for accommodation for abuse of discretion. (*Friends of South Fork Gualala, supra*, 106 Cal.App.5th at p. 1195; *Gropen v. Superior Court* (2023) 89 Cal.App.5th 1068, 1082.) The trial court's factual findings are reviewed for substantial evidence, and its conclusions of law are reviewed de novo. The trial court's application of the law to the facts is reversible only if arbitrary and capricious. (*Friends of South Fork Gualala,* at p. 1195.)

Deafness is a disability under the regulations implementing the ADA. (29 C.F.R. § 1630.2, subd. (g)(1), (i)(1), (j)(3)(iii)).) The trial court deemed Leahy to have a disability qualifying for reasonable accommodation under rule 1.100 and it granted her accommodation request for a closed captioner, arranging for real-time reporting at the June 13 hearing. (See 28 C.F.R. §§ 35.104, 35.160, 36.303, subd. (b)(1).) Leahy then made another request on June 6, seeking a continuance pending a writ of mandate decision by this court and until she could secure certified real time captioning and a

reporter's transcript.[3]  The trial court ruled on Leahy's June 6 request on June 11, and Leahy received the order on the morning of June 12.  We find no error or abuse of discretion.

It is not obvious how Leahy's June 6 request for a continuance pending resolution of a writ proceeding in this court, or her requests for a record beyond real-time reporting, would have increased her access to the June 13 hearing.  (Rule 1.100(c)(2); see *Wood v. Crown Redi-Mix, Inc.* (8th Cir. 2003) 339 F.3d 682, 687-688 [concluding that the plaintiff failed to establish a prima facie case of discrimination under the ADA where the accommodation requested was unrelated to his disability]; *Vande Zande v. Wisconsin Dept. of Admin.* (7th Cir. 1995) 44 F.3d 538, 542-543 [stating, in the context of an ADA case, that an inefficacious change would not be an accommodation of a disability and that a plaintiff must show that an accommodation would be efficacious].)  In any event, a closed captioner and a court reporter were present at the June 13 hearing, as Leahy had requested.  And Leahy has not shown ultimate prejudice, in that she has not established that the trial court's demurrer ruling on the statute of limitations defense was incorrect or that she can amend her pleading to state a viable cause of action.

Leahy appears to further argue that the trial court erred in taking judicial notice of documents, but the record on appeal only contains a request for judicial notice filed by Hunt in January 2024 in support of his demurrer to the complaint, and it does not appear that the trial court ruled on the request.  There is no other request for judicial notice in the record and Leahy does not provide meaningful analysis as to her claim of error.  Her claim is thereby forfeited.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785.)

---

[3]  In her appellate reply brief, Leahy suggests she had requested Communication Access Real Time Translation (CART) services.  But her June 6 request did not mention CART.

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.


                                              /S/
                                        MAURO, J.



We concur:



      /S/
EARL, P. J.



      /S/
WISEMAN, J.*


_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned
by the Chief Justice pursuant to article VI, section 6 of the California Constitution.