Filed 6/5/26  Marriage of Larson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| In re the Marriage of GARY and DESERIE LARSON. | C102722 |
| GARY LARSON,<br>        Respondent, | (Super. Ct. No. 17FL03242) |
| v. | |
| DESERIE LARSON, | |
|        Appellant. | |

Gary and Deserie Larson[1] have three children.  As part of their marital dissolution proceeding, the family court ordered that Gary have temporary legal custody of the children, and it denied Deserie's requests to set aside prior orders.

Deserie now contends (1) the family court failed to make required findings, (2) the challenged custody orders violated due process, (3) the family court relied on a biased and inaccurate report, (4) declining to interview one of the children denied the child his right to be heard, and (5) the family court's March 27, 2024 order is void.

---

[1] Because the parties share the same last name, we will refer to individuals by first name for clarity.

1

Because Deserie has not established error or abuse of discretion, we will affirm the family court's orders.

BACKGROUND

Gary and Deserie originally stipulated to joint legal and physical custody of their three children, S., Z., and G., and to a specified parenting schedule. They agreed to complete at least 12 sessions of individual counseling, participate in drug and alcohol evaluation, and that the two oldest children, S. and Z., would participate in individual or conjoint counseling. They also stipulated to have Dr. Sidney Nelson make child custody recommendations, pursuant to Evidence Code section 730,[2] based on the health, safety, welfare, and best interests of the children. The family court adopted the stipulation on July 17, 2017.

Dr. Nelson recommended that Gary and Deserie have joint legal custody of the children, that the existing parenting schedule be maintained, and that Gary and Deserie complete a parenting support program or equivalent co-parenting counseling program. The family court adopted Dr. Nelson's recommendations in August 2020, with modifications pertaining to vacation and holiday time.

In March 2022, Deserie requested a Family Code section 3111 evaluation.[3] Gary agreed to the evaluation, but Deserie later withdrew her request, and the family

---

[2] Evidence Code section 730 provides in pertinent part: "When it appears to the court, at any time before or during the trial of an action, that expert evidence is or may be required by the court or by any party to the action, the court on its own motion or on motion of any party may appoint one or more experts to investigate, to render a report as may be ordered by the court, and to testify as an expert at the trial of the action relative to the fact or matter as to which the expert evidence is or may be required."

[3] Undesignated statutory references are to the Family Code. In a contested proceeding involving child custody or visitation rights, section 3111 gives the family court discretion to appoint a child custody evaluator to conduct a child custody evaluation in cases where the court determines it is in the best interests of the child. Section 3011 sets forth the factors a family court must consider in determining the best interests of the child.

court did not order the evaluation. Instead, after considering a Family Court Services report, it ordered that Gary and Deserie have joint legal and physical custody of the children. Under the order, S. would remain in Gary's primary care and Gary and Deserie would agree on Deserie's parenting time with S. The family court specified a parenting schedule and indicated that prior orders, including those relating to co-parenting and counseling, would remain in place.

In November 2022, the parties informed the family court that they were going to participate in a section 3111 evaluation.

In April 2023, Gary filed a request to modify child custody orders and for private child-custody-recommending counseling with Jessica Wharton, LMFT, or Deborah Barnes, LMFT. Gary asked for sole physical custody of the children. The matter was set to be heard on June 26, 2023. Although the record does not include a minute order or reporter's transcript for that hearing, an August 14, 2023 order indicated that the parties had agreed to a section 3111 evaluation by Wharton.

Wharton made the following recommendations: Gary and Deserie would continue to share legal custody of the children. Gary would have primary physical custody of S. and Z., and Deserie would have primary physical custody of G. Wharton recommended the parenting time Desirie would have with Z. and Gary would have with G. Gary, Deserie and the children would need to participate in family therapy with Josh Culver or Miles Montgomery, and the children would need to participate in individual counseling. Deserie would need to participate in alcohol assessment with Colleen Moore. It was recommended that the family return to the evaluation process when there was sufficient progress on growth goals to support a comprehensive parenting plan. On December 11, 2023, the family court adopted Wharton's recommendations with modifications, and ordered the parties to return on March 27, 2024.

According to a March 24, 2024 Family Court Services report, Deserie filed a request for order on January 23, 2024, leading to a referral to Family Court Services

and the preparation of a child-custody-recommending counseling report. Deserie's request for order is not in the record on appeal. The Family Court Services report stated that Deserie asked that the family court's December 11, 2023 order be rescinded, that prior custody orders be reinstated, and that Deserie be awarded primary physical custody of Z. and G. The Family Court Services report noted that Deserie had been arrested for driving under the influence on November 13, 2022. Based on the best interests of the children, the child-custody-recommending counselor recommended no change to the existing parenting arrangement.

The family court conducted two hearings on March 27, 2024. The first hearing involved a return from the section 3111 evaluation, and the second hearing involved child support. In the first hearing, counsel informed the judge that Deserie had not complied with the alcohol assessment, family therapy, and individual therapy provisions of the December 11, 2023 order. The family court granted Gary temporary legal custody of the children to ensure they received previously ordered individual therapy. The family court also ordered family therapy to commence without delay, and it set another return hearing on the section 3111 evaluation. In addition, it granted Deserie's request for a two-day trial regarding her concerns about Wharton's report. The trial was set for October 2024. Nothing from that trial is in the record on appeal.

On April 9, 2024, the family court heard Deserie's January 23, 2024 request to modify child custody orders and to stop the section 3111 evaluation process. Counsel reported that Deserie had not complied with the March 27, 2024 order to transfer G. to Gary. The family court ordered Deserie to transfer G. to Gary's care and custody as previously ordered, and it specified the date and time of the transfer. It said all prior orders would remain in place.

On September 3, 2024, Deserie filed a request to set aside all of the family court orders issued on or after December 11, 2023. A hearing on the request was held on October 7, 2024. Deserie argued that Gary's attorney unlawfully obtained a police report

4

upon which Wharton relied; that Wharton mistakenly stated in her report that G. was in the car with Deserie when she was arrested for driving under the influence; that Wharton's report was therefore based on fraud; and that all custody orders issued on or after December 11, 2023 had to be set aside under Code of Civil Procedure section 473. Deserie argued Gary did not allow supervised visitation to occur and did not allow two of the children to talk to Deserie on the phone. She asked the family court to reinstate the September 7, 2022 court order and visitation for Deserie and to return custody of G. to her.

The family court denied Deserie's requests, making the following findings: Deserie's request was made more than six months after entry of the challenged order. She did not prove that any fraud had occurred. No evidence corroborated her claim that the police report was unlawfully obtained. There was a factual error in Wharton's report, but there was no evidence the error was intentional. Wharton had disclosed the error to the parties and to the family court when she became aware of it. Wharton did not consider the error sufficiently material to alter her recommendations. The family court ruled that the error in Wharton's report did not render the report fraudulent and did not require any change to the custody orders.

On September 19, 2024, Deserie filed a motion to vacate the family court orders on grounds of fraud. The family court heard the motion on October 30, 2024. It denied the motion, stating it had previously found that Deserie failed to prove Wharton committed fraud. The family court rejected Deserie's claims that she was coerced into agreeing to the section 3111 evaluation, or that the evaluation was barred as a matter of law. The family court noted that the existing custody orders were not based on a finding that Deserie was arrested for child endangerment in 2022.

## RULES OF APPELLATE PROCEDURE

We begin by reviewing well-established principles of appellate procedure that apply to all litigants. On appeal, we presume the trial court's orders are correct.

5

The burden is on the appellant to affirmatively show, based on an adequate record, that the trial court erred. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*); *Dilbert v. Newsom* (2024) 101 Cal.App.5th 317, 323 (*Dilbert*); *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*); *Scholes v. Lambirth Trucking Co.* (2017) 10 Cal.App.5th 590, 595.) " 'All intendments and presumptions are indulged to support … [the trial court's orders] on matters as to which the record is silent … .' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

In presenting her claims, the appellant must "[p]rovide a summary of the significant facts limited to matters in the record." (Cal. Rules of Court, rule 8.204(a)(2)(C).) In addition, all appellate briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) A party forfeits an argument made without citation to the record. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1245, fn.14, 1246 (*Nwosu*); see *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 (*City of Lincoln*).)

All appellate briefs must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) We need not consider an issue when a party fails to comply with these requirements. (*Dilbert, supra*, 101 Cal.App.5th at p. 323; *Tanguilig, supra*, 36 Cal.App.5th at p. 520; *Consolidated Irrigation Dist. v. City of Selma* (2012) 204 Cal.App.4th 187, 201; *In re S.C.* (2006) 138 Cal.App.4th 396, 410.)

DISCUSSION

I

Deserie contends the family court had to make required findings before ordering supervised visitation.

The reporter's transcript for the March 27, 2024 hearing regarding the section 3111 evaluation does not show that the family court ordered supervised visitation. There is no order for that matter in the appellate record. Deserie cites pages 245 to 247 of the clerk's transcript in support of her claim that the family court ordered supervised visitation, but the clerk's transcript does not contain those page numbers.

If the record presented to the appellate court is inadequate for meaningful review, " ' "the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson, supra*, 5 Cal.5th at p. 609.) Desirie has not established family court error in connection with an order for supervised visitation.

## II

Deserie next claims the challenged custody orders violated due process. Specifically, she argues the family court should have held an evidentiary hearing and allowed her to testify, to present witnesses, and to cross-examine Wharton.

The statute on which Deserie relies, section 217, provides that at a hearing on any order to show cause or notice of motion brought under the Family Code, the family court shall receive any live, competent testimony that is relevant and within the scope of the hearing. According to Deserie, the relevant hearing involved a return from the section 3111 evaluation. But the record does not show that the hearing involved the types of proceedings referenced in section 217, i.e., an order to show cause or a noticed motion. And the record does not show that Deserie asked to present witnesses or to cross-examine Wharton.

*Elkins v. Superior Court* (2007) 41 Cal.4th 1337 is inapposite. The court in *Elkins* held invalid a superior court local rule and trial scheduling order requiring parties in a marital dissolution trial to present their case solely by means of written declarations.

7

The hearing here was not a trial and this case does not involve a trial court rule or order like the one in *Elkins*.

## III

In addition, Deserie contends the family court relied on a biased and inaccurate report.

The family court found that Wharton's report contained a factual error but there was no evidence the error was intentional; Wharton disclosed the error when she became aware of it; the error did not render Wharton's report fraudulent; and the error was not sufficiently material to change Wharton's recommendations or the family court's child custody decisions. Wharton's report is not in the record on appeal. Notwithstanding Deserie's assertions, nothing in the appellate record shows that Wharton's report contained multiple errors or false statements or that Wharton disregarded evidence of Gary's custody-order violations.

In her appellate reply brief, Deserie asserts that Wharton's section 3111 evaluation was unauthorized because there was no "notice, scope definition and judicial authorization" for the evaluation and a private mediation proceeding was improperly converted into a section 3111 evaluation. We do not consider the arguments because they were made without citation to the record. (*Nwosu, supra*, 122 Cal.App.4th at pp. 1245, fn. 14, 1246; *City of Lincoln, supra*, 102 Cal.App.4th at p. 1239.)

## IV

Deserie further contends that in denying her request at a September 3, 2025 hearing that the court interview G. regarding his custodial preferences, the family court denied G. his right to be heard.

There is nothing in the record relating to a September 3, 2025 hearing. Nor did we find in the record any request by Deserie pertaining to an interview of G.

8

regarding his custodial preferences. Deserie has not established error or abuse of discretion.

V

Moreover, Deserie argues the family court's March 27, 2024 order is void. She appears to contend the family court lacked jurisdiction and the order was entered in violation of due process. The claim, made without legal analysis or citation to the record, is forfeited. (*Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1045, fn. 1; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656; *Nwosu, supra*, 122 Cal.App.4th 1229, 1245, fn. 14.)

DISPOSITION

The orders of the family court are affirmed.


/S/
MAURO, Acting P. J.

We concur:


/S/
RENNER, J.


/S/
FEINBERG, J.

9